IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

*FILED SEP 20 2011 - J T NOBLIN, CLERK, BY _____ DEPUTY*

| | |
|---|---|
| JOSEPH GERHART AND AMANDA JO GERHART, INDIVIDUALLY, AND AS NEXT FRIEND OF BRETT MICHAEL GERHART, IAN MICHAEL GERHART, AND SARAH ROBILLARD, MINORS. | PLAINTIFFS |
| VS. | CAUSE NO.: 3:11CV586 HTW-LRA |
| RANKIN COUNTY MISSISSIPPI, RANKIN COUNTYS SHERIFF'S DEPARTMENT, SHERIFF RONNIE PENNINGTON officially and in his official and individual capacity, PEARL POLICE DEPARTMENT, PEARL POLICE CHIEF BEN SCHULER officially and in his individual capacity, THE CITY OF PEARL, MISSISSIPPI, OFFICER JAMIE SCOUTEN, in his official and individual capacity, FARRIS THOMPSON, in his official and individual capacity, DEPUTY BRETT MCALPIN, in his official and individual capacity, OTHER UNKNOWN JOHN and JANE DOES A-Z, also in their official and individual capacity | DEFENDANTS |

---

### COMPLAINT
*Jury Trial Requested*

---

COME NOW, the Plaintiffs, **JOSEPH GERHART AND AMANDA JO GERHART, INDIVIDUALLY, AND AS NEXT FRIEND OF BRETT MICHAEL GERHART, IAN MICHAEL GERHART, AND SARAH ROBILLARD, MINORS.**, by and through their

counsel of record, Chuck McRae, who files his Complaint against the aforementioned Defendants. In support of the same, the Plaintiffs state, aver and give notice of the following:

## JURISDICTION

1.

The Plaintiffs herein invoke the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for damages suffered and sustained by the Plaintiffs, the costs of suit, including reasonable attorneys' fees. The Plaintiffs' damages were caused by the Defendants' blatant violation of the rights, privileges and immunities as guaranteed by the Fourth, and Eighth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985, 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims including common law and Mississippi Constitution of 1890 claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated.

## VENUE

2.

Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiffs occurred in this judicial district and division.

## PARTIES

3.

The Plaintiffs are citizens of the United States of America and the State of Mississippi wherein they resided in the City of Pearl, Rankin County, First Judicial District. The injuries inflicted upon the Plaintiffs were done at the hands of the Defendants in Rankin County,

Mississippi.

4.

The Defendant, **RANKIN COUNTY, MISSISSIPPI**, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Rankin County Sheriff's Department. This Defendant may be served with process by affecting the same upon the president of the Board of Supervisors, and/or the Chancery Clerk for Rankin County, Mississippi, at Rankin County Courthouse in Brandon, Mississippi.

5.

The Defendant, **RANKIN COUNTY SHERIFF'S DEPARTMENT**, is a political entity, agency and/or political subdivision of Rankin County, Mississippi, organized to provide security and safety to and for the citizens of Rankin County, Mississippi. This Defendant may be served with lawful process by serving Sheriff Ronnie Pennington, or his designee, at the Rankin County Courthouse in Brandon, Mississippi.

6.

The Defendant, **SHERIFF RONNIE PENNINGTON**, is an adult resident citizen of Rankin County, Mississippi. At all times material hereto this Defendant was the duly elected Sheriff of Rankin County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Rankin County, Mississippi, to include the Plaintiffs, by and on behalf of the Defendant, Rankin County, Mississippi. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Rankin County Courthouse in Brandon, Mississippi, or by effecting service upon his duly authorized designee, at the Rankin County Sheriff's Office in Pearl, Mississippi,

7.

The Defendant, **THE CITY OF PEARL, MISSISSIPPI**, is a municipality duly incorporated under the laws of the State of Mississippi. Pursuant to Miss. Code Ann. Section 13-3-47 (1972), service of process may be had on the City of Pearl, Mississippi, by affecting the same upon its Mayor, Brad Rodgers, or the Municipal Clerk for the City of Pearl, Mississippi. At all times material hereto, the City of Pearl, Mississippi, was on a joint venture and vicariously liable for the acts of omission or commission of the Defendant, Jamie Scouten, Ben Schuler, and any other Police Officers, as the same relates to the injuries, outrageous conduct of all the Defendants. The City of Pearl, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Pearl Police Department.

8.

The Defendant, **CITY OF PEARL POLICE DEPARTMENT**, is a political entity, agency and/or political subdivision of Pearl, Mississippi, organized to provide security and safety to and for the citizens of the City of Pearl, Mississippi. This Defendant may be served with lawful process by serving Chief of Police Ben Schuler, or his designee, at the Pearl Police Department in Pearl, Mississippi.

9.

The Defendant, **CHIEF OF POLICE, BEN SCHULER**, is an adult resident citizen of Rankin County, Mississippi. At all times material hereto this Defendant was the Chief of Police of the City of Pearl, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of the City of Pearl, Mississippi, to include the

Plaintiffs, by and on behalf of the Defendant, City of Pearl, Mississippi. This Defendant is sued in his official capacities. He may be served with lawful process at the Pearl Police Department, Pearl Mississippi, or by effecting service upon his duly authorized designee, at the Pearl Police Department in Pearl, Mississippi.

10.

The Defendant, **OFFICER, JAMIE SCOUTEN**, an adult resident citizen of Rankin County Mississippi, was at all times material hereto a police officer employed by the City of Pearl, Mississippi. It is believed that this Defendant was the officer who was present at 481 Robert Michael Drive, Pearl, on June 7, 2010 during the incident above, and he either assisted other Defendants or unknown persons with the assault/intrusion and/or he failed to intervene, report and/or stop the assault/intrusion while observing the same taking place in his presence when he had an affirmative duty to intervene, stop illegal conduct of other Defendants or unknown persons. His acts of omission or commission are vicariously attributed to the Defendant, the City of Pearl, Mississippi. He may be served with lawful process at his place of employment the Pearl Police Department, Pearl, Mississippi. He is sued in his official and individual capacity

11.

The Defendant, **DEPUTY BRETT MCALPIN**, an adult resident citizen of Rankin County Mississippi, was at all times material hereto a deputy sheriff employed by Rankin County, Mississippi, and/or Rankin County Sheriff's Department. It is believed that this Defendant was the officer who was present at 481 Robert Michael Drive, Pearl, on June 7, 2010 during the incident above, it is believed Officer McAlpin was the one who attacked Brett Gerhart and he assisted other Defendants or unknown persons with the assault/intrusion and/or he failed

to intervene, report and/or stop the assault/intrusion while observing the same taking place in his presence when he had an affirmative duty to intervene, stop illegal conduct of other Defendants or unknown persons. His acts of omission or commission are vicariously attributed to the Defendant, the City of Pearl, Mississippi. He may be served with lawful process at his place of employment the Pearl Police Department, Pearl, Mississippi. He is sued in his official and individual capacity

12.

The Defendant, **DEPUTY FARRIS THOMPSON**, an adult resident citizen of Rankin County Mississippi, was at all times material hereto a deputy sheriff employed by the Defendants, Rankin County, Mississippi, and/or Rankin County Sheriff Department. It is believed that this Defendant was the officer who was present at 481 Robert Michael Drive, Pearl, on June 7, 2010 during the incident above, and he either assisted other Defendants or unknown persons with the assault/intrusion and/or he failed to intervene, report and/or stop the assault/intrusion while observing the same taking place in his presence when he had an affirmative duty to intervene, stop illegal conduct of other Defendants or unknown persons. His acts of omission or commission are vicariously attributed to the Defendant, Rankin County, Mississippi, and/or Rankin County Sheriff's Department. He may be served with lawful process at his place of employment the Rankin County, Mississippi, and/or Rankin County Sheriff's Department.

13.

The Defendants, **JOHN AND JANE DOES**, identities are not known to the Plaintiffs at this time. However, their true identities are unknown at this time and it is believed that they are adult resident citizens of Rankin County Mississippi and through the discovery process it is

further believed that their true and accurate identities will become known and at that time the Plaintiffs will seek leave of this Honorable Court to amend his Complaint and to specifically name the unknown persons as Defendants to this action and serve them with process for wrongs committed and violations against the rights, privileges and immunities of the Plaintiffs, all of which it is alleged were committed in their official and individual capacities, as employees of Rankin County, Mississippi, the Rankin County Sheriff's Department, the City of Pearl, Pearl Police Department, other State or Municipal entities and/or other individuals acting in concert with such person, persons or state entities named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of the Plaintiffs.

## FACTS
### 14.

On June 7, 2010 around approximately 7:00 P.M., the Plaintiffs were at their home located at 481 Robert Michael Drive in Pearl, Mississippi, when a black unmarked car pulled into their front yard. Without warning, notice, or provocation, officers from the City of Pearl Police Department and Rankin County Sheriff's Department in a joint venture to make a profit immediately drew their weapons and without authority or provocation broke into the Plaintiffs' home, slammed certain Plaintiffs to the floor, held guns to the temple of some Plaintiffs and the backs of other Plaintiffs.

### 15.

Brett Gerhart (hereinafter "Brett") was located outside at the front of the home at the time the vehicle sped into the front yard. He immediately ran back inside through a door, located at the side of the house.

### 16.

Brett entered the front area (living room area) of his family's home, stating "they have

guns", just as the officers were illegally entering the Gerhart home, weapons drawn. **Attached hereto as Exhibit A is the photo of some of the damage to the Gerhart home following the officers' forcible entry.** At no point during the illegal entry did the officers identify themselves as police officers or show any documentation to the Plaintiffs allowing their entry.

17.

Brett was met by Officer Brett McAlpin and was immediately thrown to the floor, at gunpoint. Though Brett immediately put his hands in plain view of the officer, he was pinned to the floor by the officer.

18.

Brett"s father, Joseph Gerhart (hereinafter "Joseph"), exited a bedroom located a few yards away from the living area. He was also ordered to the floor at gun point. At no time was Joseph informed that the men who entered his home were, in fact, police officers. Further, he was not shown any documentation that allowed the men to enter his home legally.

19.

Brett's mother, Amanda Gerhart (hereinafter "Amanda") and his then 3 year old niece, Sarah Robillard, were forced to the floor at gun point when they exited a bedroom located at the back of the home. Amanda was forced to her knees, child in her arms, in the hallway while her husband and son were being held by the officers. **See attached as Exhibit B the photo of Amanda's knee following the illegal entry into her home.**

20.

After Officer McAlpin forced Brett onto the floor, kicking him in the head and arms, he held a gun firmly to his temple. Again, at no point, had anyone offered identification or documentation to any of the Plaintiffs to justify entry into their home.

8

21.

Finally, other officers arrived at the house to inform the officers inside the Plaintiffs' house that they had entered the wrong home. However, even after the other officers informed Officer McAlpin that he was at the wrong house, the officers had to physically pull him off of Brett. The officers refused to identify themselves and then promptly left.

22.

Subsequent thereto, the Plaintiffs filed criminal charges against Officer Brett McAlpin. This has been to no avail. No criminal action has ever been taken, no charges lodged, and no one involved in the violations of the Plaintiffs' rights were disciplined. Further, the Plaintiff has been unable to obtain copies of any of the documents related to the charges he filed.

23.

Brett suffered injuries solely because of the physical assault by Officer McAlpin following the illegal entry by the Rankin County Sheriff's Department and the Pearl Police Department into his home.

24.

None of the officers ever identified themselves as police officers before, during, or even after the illegal entry into the Plaintiffs' home. The Plaintiffs were never given any legal documentation allowing the officers' entry into their home. In fact, the officers erroneously entered the Plaintiffs' home, held the Plaintiffs at gunpoint, and inflicted injuries (both mental and physical) on the entire Gerhart family.

**COUNT I**
**ACTION FOR DEPRIVATION OF CIVIL RIGHTS**
**(42 U.S.C. SECTION 1983)**

25.

9

The Plaintiffs hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

26.

At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants in a joint venture commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, or practice wherein the rights, privileges or immunities of the Plaintiffs were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiffs' right to unreasonable search and seizure laws of the United States of America pursuant to the Fourth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, and the right against cruel and unusual punishment as set forth in the Eighth Amendment to the Constitution of the United States of America.

27.

The violations complained of in this Complaint include, but are not limited to, right to be secure in your place and person, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using or allowing force and physical violence designed and intended to cause Plaintiffs physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter,

evidence a deliberate indifference to the immediate, grave and serious consequence of Plaintiffs, all of which caused or contributed to his injuries that commenced on or about June 7, 2010.

28.

As a direct and proximate consequence of the Defendants' actions, the Plaintiffs were deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiffs' Eighth Amendment right proscribing cruel and unusual punishment and Fourth Amendment Right against unreasonable search and seizure.

29.

At all times material hereto, the Defendants, Rankin County, Mississippi, the Rankin County Sheriff's Department, Pearl Police Department, City of Pearl, Officer Jamie Scouten, Ben Schuler, Farris Thompson, Brett McAlpin and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to Police Department governmental custom, usage or practice of the Defendants, Rankin County, Mississippi, the Rankin County Sheriff's Department and/or Pearl, and the City of Pearl. These defendants were engaged in joint venture for profit.

30.

It is further averred that the Defendants Sheriff Ronnie Pennington and /or others were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Rankin County, Mississippi, and the Rankin County Sheriff's Department, Pearl Police Department, and the City of Pearl. The

11

aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in the injuries of the Plaintiffs.

31.

As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiffs of certain rights guaranteed by the Constitution of the United States of America, Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities and ultimately causing severe past, present and permanent injuries and disability, and experienced extreme pain, suffering, humiliation, degradation, mental distress, medical expenses past and present and future, and severe emotion anguish.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## (42 U.S.C. SECTION 1985)

32.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

33.

The Plaintiffs were in their home the Rankin County Sheriff Department Officer Farris Thompson, Brett McAlpin, and other officers, and Pearl Police Department Officer Jamie Scouten, Ben Schuler, and other officer conspired to enter the home of Joseph Gerhart with reckless disregard for the correct location of the house they needed to enter. Their plan was to achieve their mission at all cost, causing the Plaintiffs to suffer and endure a great pain. This plan culminated in the completion of the agreement and a deprivation of the Plaintiffs' constitutional rights when Plaintiffs were subject to the illegal entry, cruel and unusual punishment and

suffered physical and mental injuries.

34.

There exists at the Rankin County Sheriff's office and Pearl Police Department a belief, practice, usage and/or custom that it is perfectly fine to disregard the Constitution of the United States.

## COUNT III
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

35.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

36.

The Defendants, Rankin County, Mississippi, Rankin County Sheriff's Department, The City of Pearl, and Pearl Police Department, and, Training Director or, failed to provide adequate and competent training and/or supervision to the Defendant. The Defendants are (and at the time of the injuries) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by all employees

37.

As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision for its Officers, the Plaintiffs were deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every Officer within the employ of Rankin County, Mississippi, the Rankin County Sheriff's Department and/or Pearl Police Department would have known of the corresponding deprivation of his civil rights,

13

privileges and immunities would not have happened.

38.

Failure to provide adequate training and supervision was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiffs, and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise, the aforementioned Defendants are liable for Plaintiffs' injuries, damages, and the deprivation of civil rights associated therewith.

## COUNT IV
## BATTERY

39.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

40.

During the incident the Defendants commenced to physically beat or allow others to inflict upon him offensive contact to his person while he was in his own home. The offensive contact was intended to cause harm to the Plaintiff and/or to unnecessarily inflict pain, suffering and distress upon his body.

41.

As a direct and proximate consequence of the beating, i.e., the offensive contact, the Defendants inflicted upon the Plaintiff, he was injured, suffered damages, and personal and permanent injuries. Thus the Plaintiffs are entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the injuries that were inflicted upon the Plaintiffs.

42.

As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the assaults perpetrated upon the Plaintiffs. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assaults that were inflicted upon the Plaintiffs.

## COUNT V
## CIVIL CONSPIRACY

43.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

44.

On the dates in question the Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation to engaged in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon the Plaintiffs certain harm, suffering and pain the likes of which can be compared only to episodes of outrageous conduct. The Defendants' conduct was illegal and amounted to a civil conspiracy against the Plaintiffs.

45.

As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severely liable to the Plaintiffs for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their

acts of omission or commission this civil conspiracy against the Plaintiffs.

## COUNT VI
## ASSAULT

46.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

47.

The Defendants holding a gun on Plaintiffs causing Plaintiffs to fear for the immediate safety of their life causing Plaintiffs to suffer from severe mental and emotional injuries. As a direct and proximate consequence of the conduct of the aforementioned defendants, both known and unknown, the Defendants are jointly and severely liable to the Plaintiffs for the other persons similar situated that caused and/or contributed to his injuries and damages. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this assault of the Plaintiffs

## COUNT VII
## THE COMMON LAW TORT OF OUTRAGE

48.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

49.

The Defendants' overall conduct on the dates in question was so outrageous that it

shocks the moral and legal conscience of the community. This outrageous conduct resulted in the injuries that are permanent. The manner, method and design of the Defendants' conduct amounted to a cold, callous, premeditated abuse of legal authority.

50.

As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severely liable to the Plaintiffs for such outrageous conduct is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward the Plaintiffs.

## COUNT VIII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

52.

The Defendants' conduct was designed to not only inflict physical pain and suffering upon the Plaintiffs but also emotional and mental anguish and distress on the dates in question. The manner, method and design of the Defendants' conduct caused the Plaintiffs to endure enormous emotional and mental distress and anguish.

53.

As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and

severally liable to the Plaintiffs for the intentional infliction of emotional distress and mental anguish inflicted upon the Plaintiffs. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated upon the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs prays that the Court enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Plaintiffs pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fourth and Eighth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, slander and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury.

Plaintiffs further request a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiffs in an amount to be determined by the jury.

Further the Plaintiffs request a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the Plaintiffs' reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees; a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

THIS the 20th day of September, 2011

        Respectfully submitted,

        **JOSEPH GERHART, ET AL**
        Plaintiffs

        BY: *Chuck McRae*
        CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS 39201
Chuck@mcraelaw.net
Office: 601.944.1008
Fax: 866.236.7731