**IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JOSEPH GERHART and AMANDA JO
GERHART, INDIVIDUALLY AND AS NEXT
FRIEND OF IAN MICHAEL GERHART and
SARAH ROBILLARD, MINORS, and BRETT
MICHAEL GERHART, INDIVIDUALLY**

                                                              **PLAINTIFFS**

**VS.**

                                                              **CAUSE NO.  3:11cv586**

**RANKIN COUNTY, MISSISSIPPI, RANKIN
COUNTY SHERIFF RONNIE PENNINGTON in
his official capacity as Sheriff of Rankin County,
PEARL POLICE CHIEF BEN SCHULER in his
official capacity as Police Chief, THE CITY OF
PEARL, MISSISSIPPI, OFFICER JAMIE
SCOUTEN, in his official capacity, DEPUTY
BRETT MCALPIN, in his official and individual
capacities, OFFICER JOHNNY BARNES, in his
official and individual capacities, BRAD
MCLENDON, in his official and individual
capacities, OTHER UNKNOWN JOHN and JANE
DOES A-Z, also in their official and individual
capacities**

                                                              **DEFENDANTS**

---

**FOURTH AMENDED COMPLAINT**
*Jury Trial Requested*

---

COME NOW, the Plaintiffs, **JOSEPH GERHART AND AMANDA JO GERHART,
INDIVIDUALLY, AND AS NEXT FRIEND OF IAN MICHAEL GERHART, AND
SARAH ROBILLARD, MINORS, AND BRETT MICHAEL GERHART,
INDIVIDUALLY**, by and through their counsel of record, Chuck McRae, who files this

Complaint against the aforementioned Defendants.  In support of the same, the Plaintiffs state,

aver and give notice of the following:

## JURISDICTION

1.

The Plaintiffs herein invoke the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Section 1331 to obtain a judgment for the costs of suit, including reasonable attorney's fees and damages suffered and sustained by the Plaintiffs as a result of the Defendant's violation of Plaintiff's rights. The Plaintiffs' damages were caused by the Defendants' blatant violation of the rights, privileges and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent as well as supplemental state claim, common law claims, state law claims, and violations of the Constitution of the State of Mississippi, all of which are claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiffs as herein stated.

## VENUE

2.

Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiffs occurred in this judicial district and division.

## PARTIES

3.

The Plaintiffs are citizens of the United States of America and the State of Mississippi wherein they resided in the City of Pearl, Rankin County, First Judicial District, specifically at 481 Robert Michael Drive in Pearl. The injuries inflicted upon the Plaintiffs were done at the

hands of the Defendants in Rankin County, Mississippi.

4.

The Defendant, **RANKIN COUNTY, MISSISSIPPI**, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Rankin County Sheriff's Department and Sheriff Ronnie Pennington as well as the Rankin County prosecutor's office. This Defendant may be served with process by affecting the same upon the president of the Board of Supervisors and/or the Chancery Clerk for Rankin County, Mississippi, at Rankin County Courthouse in Brandon, Mississippi.

5.

The Defendant, **SHERIFF RONNIE PENNINGTON**, is an adult resident citizen of Rankin County, Mississippi. This Defendant is sued in his official capacity. He may be served with lawful process at the Rankin County Courthouse in Brandon, Mississippi, or by effecting service upon his duly authorized designee at the Rankin County Sheriff's Office in Pearl, Mississippi,

6.

The Defendant, **THE CITY OF PEARL, MISSISSIPPI**, is a municipality duly incorporated under the laws of the State of Mississippi which oversees the administration of the Pearl Police Department. Pursuant to Miss. Code Ann. Section 13-3-47 (1972), service of process may be had on the City of Pearl, Mississippi, by affecting the same upon its Mayor, Brad Rodgers, or the Municipal Clerk for the City of Pearl, Mississippi. The City of Pearl, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Pearl Police Department.

7.

The Defendant, **CHIEF OF POLICE, BEN SCHULER**, is an adult resident citizen of Rankin County, Mississippi. This Defendant is sued in his official capacity. He may be served with lawful process at the Pearl Police Department, Pearl Mississippi, or by effecting service upon his duly authorized designee, at the Pearl Police Department in Pearl, Mississippi.

8.

The Defendant, **OFFICER JAMIE SCOUTEN**, an adult resident citizen of Rankin County, Mississippi, was at all times material hereto a police officer employed by the City of Pearl, Mississippi. His acts of commission or omission are vicariously attributed to the Defendant, the City of Pearl, Mississippi. He may be served with lawful process at his place of employment, the Pearl Police Department, Pearl, Mississippi. He is sued in his official capacity.

9.

The Defendant, **BRETT MCALPIN**, an adult resident citizen of Rankin County, Mississippi, was at all times material hereto a deputy sheriff employed by Rankin County, Mississippi, and/or the Rankin County Sheriff's Department. This Defendant's acts of omission or commission are vicariously attributed to the Defendant, Rankin County, Mississippi. He may be served with lawful process at his place of employment, the Rankin County Sheriff's Department, Pearl, Mississippi. He is sued in his official and individual capacities.

10.

The Defendant, **OFFICER JOHNNY BARNES**, an adult resident citizen of Rankin County, Mississippi, was at all times material hereto an officer employed by the Defendants, the Pearl Police Department and the City of Pearl, Mississippi. His acts of commission or omission are vicariously attributed to the Defendant, the City of Pearl, Mississippi. He may be served

with lawful process at his place of employment, the Pearl Police Department.  He is sued in his official and individual capacities.

11.

The Defendant, **BRAD MCLENDON**, an adult resident of Lawrence County, was at all times material hereto an agent employed by the Mississippi Bureau of Narcotics.  He is sued in his official and individual capacities.  This Defendant may be served with lawful process upon his attorney, William B. Kirksey, at the Department of Public Safety, Jackson, Mississippi, or at his residence at 778 Fortenberry Drive, Monticello, Mississippi, 39654.

12.

The Defendant, **LEIGH HARVEY COCHRAN**, an adult resident of Rankin County, was at all times material hereto an agent employed by the Mississippi Bureau of Narcotics.  This Defendant may be served with lawful process at her place of employment, the Mississippi Bureau of Narcotics, or at her residence at 122 Turtle Ridge Drive, Brandon, MS 39047.

13.

The Defendants, **JOHN AND JANE DOES 1-4**, identities are not known to the Plaintiffs at this time.  However, it is believed that they are adult resident citizens of Rankin County, Mississippi, and through the discovery process, it is further believed that their true and accurate identities will become known and at that time the Plaintiffs will seek leave of this Honorable Court to amend their Complaint and to specifically name the unknown persons as Defendants to this action and serve them with process for wrongs committed and violations against the rights, privileges, and immunities of the Plaintiffs, all of which it is alleged were committed in their official an individual capacities as employees of Rankin County, Mississippi, the Rankin County Sheriff's Department, the City of Pearl, the Pearl Police Department, other State, County, or Municipal entities, and/or other individuals acting in concert with such person,

persons, or state entities named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges, and immunities of the Plaintiffs.

## **INTRODUCTION**

### 14.

The present action arises out of an incident that occurred on Robert Michael Drive in Pearl, Mississippi, on or about June 7, 2010. The City of Pearl and Defendant Scouten organized a multi-jurisdictional task force for a buy-bust operation on a suspect, who resided at 473 Robert Michael Drive, Pearl, Mississippi (hereinafter the "target residence"). On June 7, 2010, agents, officers, investigators, and deputies from the Pearl Police Department, the Rankin County Sheriff's Department, the Mississippi Bureau of Narcotics, the Drug Enforcement Agency, and the District Attorney's office gathered at the Pearl Police Department where they attended a briefing conducted by Scouten which included the CI's identification of the target residence which included the correct address and a diagram of the house.

### 15.

The Plaintiffs were at their home, 481 Robert Michael Drive, Pearl, Mississippi (hereinafter "the Plaintiffs' residence), on June 7, 2010 when a black unmarked car pulled into their front yard. Without authority, warning, notice, or provocation, the Defendants immediately drew their weapons and broke into the Plaintiffs' home, slammed certain Plaintiffs' to the floor, kicked Plaintiff Brett Gerhart in the head while down, held guns to the temples of some Plaintiffs and the backs of other Plaintiffs. All this excessive force, assault and battery, both physically and mentally, as well as the wrongful entry, were done without authority of law.

16.

On June 8, 2010, the Plaintiffs filed assault and battery charges against the Defendant McAlpin who assaulted Brett. The Plaintiffs continuously called the Clerk of the Court for the "trial date" and were constantly given the "run around" by non-commital answers or by the absence of the prosecutor. Unbeknownst to your Plaintiffs, a Rankin County Judge was appointed to hear the probable cause hearing to see if a trial would be allowed.

17.

On July 6, 2010, a hearing was ordered whereby the Plaintiff Brett Gerhart was to be notified and present his or others' testimony. Instead with the cooperation of the Rankin County Sheriff's Office and its attorneys, a second motion to dismiss was filed by the Rankin County prosecutor. At no time was the Plaintiff Brett Gerhart or any of the other Plaintiffs ever informed of these concerted actions.

18.

Further, the Defendant McAlpin called upon his "friends," Defendants McLendon and Cochran, to give false testimony in their affidavits alleging misinformation was given to Defendant McAlpin. Neither of their affidavits or any testimony on the Motions to Dismiss addressed the assault and battery charges against Defendant McAlpin.

19.

A hearing was never held, and the charges against Defendant McAlpin were dismissed by the County Judge acting as a "special Circuit Court Judge" on September 2, 2010, without a hearing at the request of the Rankin County prosecutor and the Sheriff's Department. Said dismissal was based solely on the affidavits of the Defendants McLendon and Cochran on "misinformation" that was false.

## FACTS

### 20.

Defendant Jamie Scouten was the officer in charge of a multi-jurisdictional task force involving the Pearl Police Department, Rankin County Sherriff's Department, Mississippi Bureau of Narcotics, the Drug Enforcement Agency, and the District Attorney's office to do a buy-bust operation at 473 Robert Michael Drive in Pearl, Mississippi, the target residence, on June 7, 2010. Scouten has previously arranged three or four buys of narcotics from the suspect, David Michael Reed, through the CI. Scouten was ready to take it to the grand jury when he was approached by the DEA through the District Attorney's office to do one more buy in to give credit to the multi-jurisdictional task force and possibly obtain the source of the drugs.

### 21.

When Defendant Scouten was organizing this multi-jurisdictional task force, he called the Rankin County Sheriff's Department for assistance in the buy-bust operation, specifically asking for the assistance of Barry Vaughn, Billy Lord, and Defendant Brett McAlpin; however, Defendant McAlpin took it upon himself to invite his "friends" Defendants McLendon and Cochran to participate in the operation which they voluntarily did.

### 22.

Defendant Scouten conducted a briefing prior to the operation in which he provided details of the operation including the correct address of the target residence. Scouten had been using a Confidential Informant (CI) who had previously bought drugs on several occasions from the suspect, Reed, who resided at the target residence. During this briefing, the CI even drew a diagram of the target residence with the correct address, 473 Robert Michael Drive, written at the top. **See Exhibit A, the diagram the CI drew, attached hereto**.

23.

All participants in the buy-bust operation, which included Rankin County DA Investigator Farris Thompson; Pearl Police Detectives Jason Ward, John Johnson, and Johnny Barnes; Rankin County Sherriff Investigators Brett McAlpin, Billy Lord, and Barry Vaughn; and Mississippi Bureau of Narcotics Agent Brad McLendon and Leigh Harvey Cochran, were present at the briefing by Defendant Scouten and the CI. All heard the entire briefing.

24.

Scouten gave out assignments at the briefing which included: the use of unmarked vehicles, and all of which were to leave the Pearl Police Department in a caravan following the CI driving a white Chevy with Texas plates; McLendon would drive another vehicle with McAlpin and Barnes directly behind the CI, Farris Thompson would drive Johnson and Ward in one vehicle, Cochran would drive Vaughn and Lord in another vehicle, and Scouten would drive a vehicle by himself. Thompson, Scouten, and Cochran's vehicles were stationed in the parking lot of St. Jude Church, while McLendon's vehicle with McAlpin and Barnes would follow the CI to the target residence, stop east of the target house, and maintain visual contact with said target residence. **See attached Exhibit "B," Scouten's Case Report from June 7, 2010**.

25.

After receiving a text message from the CI, all units were to proceed to the target residence to assist the CI; however, Defendants McLendon, McAlpin, and Barnes' vehicle proceeded to the Plaintiffs' residence instead of to the target residence.

26.

Brett Gerhart (hereinafter "Brett") was located near the carport at the front of the Plaintiffs' home at 481 Robert Michael Drive at the time when a dark Cadillac Escalade with

tinted windows sped into the front yard with guns and men coming out.  He immediately ran back inside through carport door shouting that men with guns are coming into the house.

27.

Brett Gerhart entered the front area (living room area) of his family's home, stating "they have guns", as the Defendant McAlpin kicked the door in along with Defendant McLendon and illegally entered the Gerhart home, weapons drawn.  **Attached hereto as Exhibit "C" is the photo of some of the damage to the Gerhart home following the Defendants' forcible entry**.  At no point during the illegal entry did the officers identify themselves as police officers or show any documentation to the Plaintiffs allowing their entry.

28.

Brett was met by Defendant McAlpin and was immediately thrown to the concrete porch at gunpoint with excessive force, without authority, and physically battered and assaulted, and mentally abused him.  Though Brett immediately put his hands in plain view of the McAlpin, he was pinned to the floor by the Defendant McAlpin.  At no time did the Defendants attempt to aid or search for any confidential informant or anyone.  Defendant McAlpin then drug Brett into the living room.

29.

Brett's father, Joseph Gerhart (hereinafter "Joseph"), exited a bedroom located a few yards away from the living area.  The Defendant McLendon ordered him to the floor at gun point.  At no time was Joseph informed that the men who entered his home were, in fact, police officers.  Further, he was not shown any documentation that allowed the men to enter his home

legally.  When Joseph would attempt to aid his son, Brett, the Defendant McLendon ordered him back to the floor with his weapon in his face and head.

30.

Amanda Gerhart (hereinafter "Amanda")  and then 3 year old niece, Sarah Robillard, were forced to the floor at gun point by the Defendant Barnes, who had a rifle pointed at them, when they exited a bedroom located at the back of the home.  Amanda was forced to her knees, child in her arms, in the hallway while her husband and son were being held by the other Defendants.  **See attached as Exhibit D, the photo of Amanda's knee following the illegal entry into her home.**

31.

Amanda informed her son, Ian, who had been in his bedroom the entire time during the wrongful entry and assault by the Defendants, to call 911.  Ian called 911 and advised to operator of "guys in the house with guns."  **See attached as Exhibit E, the Pearl Police Department Incident Report, page 1**.

32.

After Defendant McAlpin forced Brett onto the floor, kicking him in the head and arms, McAlpin held a gun firmly to his temple**.  See attached as Exhibit F, the photos of Brett Gerhart's injuries**.  Brett Gerhart suffered injuries solely because of the physical assault and battery by Defendant McAlpin following the illegal entry by the Rankin County Sheriff's Department and the Pearl Police Department into his home in violation of the 4th amendment.

33.

Finally, Defendant Barnes informed Defendants McAlpin and McLendon, who were also inside the Plaintiffs' house, that they had entered the wrong home.   However, even after the

other Defendants informed McAlpin that he was at the wrong house, the Defendants had to repeat "wrong house" to McAlpin then physically pull him off of Brett Gerhart. The Defendants refused to identify themselves at the time. The Defendant McAlpin snapped back and then walked out of the house saying nothing. Defendant McAlpin promptly exited then. Both Defendants McAlpin and McLendon refused to identify themselves before exiting and left Defendant Barnes at the Plaintiff's house to calm down the Plaintiffs after their terrifying experience of having men with guns wrongfully enter their house and assault them.

34.

At that time Defendants McAlpin and McLendon walked down to the target residence. Defendant McAlpin was distraught, saying 'this is bad, this is bad." and that the Sheriff is going to have to take care of this. There, McAlpin told Cochran of what had happened at the Plaintiffs's house to which she replied that they needed "to get their **** together."

35.

Subsequent thereto, on June 8, 2010, less than 12 hours later, the Plaintiffs filed criminal charges against Defendant McAlpin for simple assault. **See Exhibit G, page 1, Affidavit of Brett Gerhart attached hereto**. When Brett Gerhart swore to and signed his affidavit, he was also required to sign a Memorandum of Understanding, **attached hereto as Exhibit G, page 2**, which states that Brett could be held liable if the affidavit he signed was groundless or without probable cause and that if he did not appear at any trial or hearing, then he would be fully and personally responsible for all the court costs.

36.

The Defendants, with the aid of others, covered up the charges and would not allow the Plaintiffs to appear in Court and continued to tell him that he would have to talk to the County attorney who sent him back to the Justice Court. The Plaintiffs continued to get the "run around"

and when told to see the county prosecutor, he was also non-committal or not present. The Deputy Clerk advised that the file was in her desk drawer and would not be open for review. Brett had always been told that no criminal action has ever been taken, no charges lodged, and no one involved in the violations of the Plaintiffs' rights were disciplined.

37.

Further, the Plaintiff had been unable to obtain copies of any of the documents related to the charges he filed until after the present suit was filed. The first time the Plaintiffs received notice that the charges were dismissed was on February 6, 2012, when Defendants McAlpin and Pennington filed their Motions for Summary Judgment to which they attached an exhibit of the Order to Dismiss § 99-3-28 Hearing. **See Exhibit H, the certified copy of the Circuit Court file, pages 19-21, and also see Documents [26.06] and [28.06]**.

38.

The Plaintiffs never received their due process because of the cover-up. The Rankin County Prosecutor, Richard Wilson, filed on the same day, July 6, 2010, an Order Appointing a Special Judge, a Motion to Dismiss Hearing, and an Order Denying Motion to Dismiss and Directing that a Probable Cause Hearing be Set. **See Exhibit H, pages 3-11**. Despite the many attempts by the Plaintiffs to contact the prosecuting attorney in regards to the charges they pressed and a hearing date, the Plaintiffs were never given notice of any of the proceedings. Attached to the Order Denying Motion to Dismiss and Directing that a Probable Cause Hearing be Set is a blank Order and Summons to Appear, which orders notice to be sent to the Affiant, Brett Gerhart, which was never done. **See Exhibit H, page 9-10**.

39.

Then on September 2, 2010, Rankin County prosecutor Richard Wilson filed an

Amended Motion to Dismiss § 99-3-28 Hearing, which is almost verbatim to the Motion to Dismiss filed on July 7, 2010, with the exception of the inclusion of two affidavits attached as exhibits, both sworn to and signed on August 3, 2010, one from Defendant Leigh Harvey Cochran and the other from Defendant Brad McLendon**. See Exhibit H, pages 12-18**. The language in the affidavits is not only verbatim to each other but also verbatim to the language included in paragraph four (4) of the Motion to Dismiss filed on July 7, 2010**, see Exhibit H, pages4-6**, written almost a month prior to Defendants Cochran and McLendon giving their testimony in the affidavits.

40.

Defendants Cochran and McLendon gave false testimony in their affidavits as they had no personal knowledge of location of the drug sale being incorrectly identified to the Defendant for all were present at the briefing when the correct address was given and Cochran was never around McAlpin after the briefing until after he wrongfully entered the Plaintiffs' house and assaulted Brett Gerhart.

41.

Further, these two affidavits only address the location of the house being incorrectly identified which in no way answers Brett Gerhart's sworn testimony that Defendant McAlpin kicked him in the head, threw him to the ground, and put a pistol in his face all while he was unarmed. Said actions constituted excessive force.

42.

Also, filed on September 2 was an Order to Dismiss whereby Plaintiff Brett Gerhart's charges were dismissed while the Plaintiff never received notice of any proceeding and his charges were dismissed based on the false testimony of Defendants Cochran and McLendon. **See**

**Exhibit H, pages 19-21**.   The Plaintiffs have been deprived of their due process rights guaranteed by the 5th and 14th Amendments.

43.

Despite the warnings of liability contained in the Memorandum of Understanding, **see Exhibit G, page 2**,  attached to Brett Gerhart's Affidavit regarding Defendant McAlpin' assault upon him, and even though the charges were dismissed and a probable cause hearing never held, Brett Gerhart was never held liable for filing a groundless affidavit or responsible for any of the court costs.

44.

None of the Defendants ever identified themselves as police officers before, during, or even after the illegal entry into the Plaintiffs' home.  The Plaintiffs were never given any legal documentation allowing the officers' entry into their home.  In fact, the Defendants erroneously entered the Plaintiffs' home, held the Plaintiffs at gunpoint, and inflicted injuries (both mental and physical) on the entire Gerhart family, and then subsequently tried to cover-up the whole incident by orchestrating the dismissal of criminal charges against Defendant McAlpin resulting in flagrant violations of the Plaintiffs' 4th, 5th and 14th amendment rights.

**COUNT I**
**ACTION FOR DEPRIVATION OF CIVIL RIGHTS**
**(42 U.S.C. SECTION 1983)**

45.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

46.

At all times material hereto, the Defendants were vested with the state authority and the

non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendants in a joint venture commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, or practice wherein the rights, privileges or immunities of the Plaintiffs were violated. Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiffs' right against unreasonable search and seizure and excessive force laws and of the United States of America pursuant to the Fourth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, and the right to due process as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

47.

The violations complained of in this Complaint include, but are not limited to, right to be secure in your place and person, denial of due process, the use of excessive force, deprivation of identifiable civil rights, i.e., life, liberty and/or property, the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using or allowing force and physical violence designed and intended to cause Plaintiffs physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious consequence  of Plaintiffs, all of which caused or contributed to their injuries that commenced on or about June 7, 2010.

48.

As a direct and proximate consequence of the Defendants' actions, the Plaintiffs were deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, the Plaintiffs' Fifth and Fourteenth Amendments right to due process and Fourth Amendment Right against unreasonable search and seizure and excessive force.

49.

At all times material hereto, the Defendants, Rankin County, Mississippi, the Rankin County Sheriff's Department, Pearl Police Department, City of Pearl, Officer Jamie Scouten, Chief of Police Ben Schuler, Officer Johnny Barnes, Deputy Brett McAlpin, Brad McLendon, Agent Leigh Harvey Cochran, and their agents, representatives, and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to Police Department governmental custom, usage or practice of the Defendants, Rankin County, Mississippi, the Rankin County Sheriff's Department, and/or the City of Pearl. These defendants were engaged in joint venture.

50.

It is further averred that the Defendants Sheriff Ronnie Pennington, Chief of Police Schuler, and /or others were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Rankin County, Mississippi, and the Rankin County Sheriff's Department, Pearl Police Department, and/or the City of Pearl. The aforementioned Defendants collectively and individually developed, planned, and implemented the policy, custom, and/or usage that resulted in the injuries of the

Plaintiffs.

51.

As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived Plaintiffs of certain rights guaranteed by the Constitution of the United States of America, Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges, and immunities and ultimately causing severe past, present, and permanent injuries and disability, and experienced extreme pain, suffering, humiliation, degradation, mental distress, medical expenses past and present and future, and severe emotional anguish.

**COUNT II**
**FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES**

52.

The Plaintiffs hereby incorporate by reference and re-alleges the information set forth in the foregoing paragraphs.

53.

The Defendants, Rankin County, Mississippi, Rankin County Sheriff's Department, the City of Pearl, and Pearl Police Department, and Training Director, failed to provide adequate and competent training and/or supervision to the Defendant. The Defendants are (and at the time of the injuries) tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices and customs that were to be carried out by all employees.

54.

The Defendant Pennington was the duly elected Sheriff of Rankin County, Mississippi,

vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Rankin County, Mississippi, including the Plaintiffs, by and on behalf of the Defendant Rankin County, Mississippi.

55.

Failure to provide adequate training and supervision and to allow a cover up was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiffs, and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise and to allow a cover-up, the aforementioned Defendants are liable for Plaintiffs' injuries, damages, and the deprivation of civil rights associated therewith.

56.

The Defendant Schuler was the Chief of Police of the City of Pearl, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of the City of Pearl, Mississippi, including the Plaintiffs, by and on behalf of the Defendant the City of Pearl, Mississippi.

57.

As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and/or otherwise devise a policy of adequate police training and/or supervision for its officers, the Plaintiffs' were deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every officer within the employ of Rankin County, Mississippi, the Rankin County Sheriff's Department and/or Pearl Police Department would have known of the corresponding deprivation of their civil rights,

privileges and immunities.

58.

Failure to provide adequate training and supervision was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiffs, and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise, the aforementioned Defendants are liable for Plaintiffs' injuries, damages, and the deprivation of civil rights associated therewith.

<strong>COUNT III<br>CIVIL CONSPIRACY</strong>

59.

The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

60.

The Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation to engage in conduct that was wrongful, intentional, willful and wanton, and designed to inflict upon the Plaintiffs certain harm, suffering and pain the likes of which can be compared only to episodes of outrageous conduct. The Defendants' conduct was illegal and amounted to a civil conspiracy against the Plaintiffs.

61.

As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severely liable to the Plaintiffs for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State, specifically in the denial of due process of the Plaintiffs. Thus the Plaintiffs are entitled to a money judgment against the Defendants who

engaged in or contributed to or otherwise facilitated through their acts of commission or omission this civil conspiracy against the Plaintiffs.

## COUNT V
## RECKLESS INFLICTION OF EMOTIONAL DISTRESS

### 62.

The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

### 63.

The Defendants' reckless conduct was designed to inflict emotional and mental anguish and distress in their depriving the Plaintiffs' of their 5th and 14th Amendment due process rights by denying the Plaintiffs a hearing regarding the criminal assault charges filed against Defendant McAlpin and cover-up to get those charges dismissed of which Plaintiff was just recently made aware. The manner, method and design of the Defendants' conduct caused the Plaintiffs to endure enormous emotional and mental distress and anguish.

### 64.

As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for the intentional infliction of emotional distress and mental anguish inflicted upon the Plaintiffs. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of commission or omission such outrageous conduct perpetrated upon the Plaintiffs.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### 65.

The Plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs.

### 66.

The Defendants' grossly negligent conduct and the resulting violations of the 4th amendment caused the Plaintiffs' demonstrable harm by invoking fear, emotional and mental anguish, and distress.

### 67.

As a direct and proximate consequence of the reckless disregard by the Defendants of the Plaintiffs' 4th Amendment rights, the wrongful entry into their house while brandishing guns, the excessive force used against Brett Gerhart, the guns being drawn on all members of the innocent Gerhart family, the Defendants are jointly and severally liable to the Plaintiffs for the negligent infliction of emotional distress and mental anguish inflicted upon the Plaintiffs. Thus the Plaintiffs are entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of commission or omission such reckless conduct perpetrated upon the Plaintiffs.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs prays that the Court enter a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Plaintiffs pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent as well as supplemental

state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical expenses, slander and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury.

Plaintiffs further request a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton, and intentional conduct as well as the reckless conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges, or immunities of the Plaintiffs in an amount to be determined by the jury.

Further the Plaintiffs request a judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for the Plaintiffs' reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees, a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

THIS 1st day of  December, 2016.

Respectfully submitted,
JOSEPH AND AMANDA JO GERHART,
Plaintiffs

BY:  /s/ Chuck McRae_____
CHUCK McRAE, MSB #2804

CHUCK McRAE, MSB #2804
416 EAST AMITE STREET
JACKSON, MS  39201
Office: 601.944.1008
Fax: 866.236.7731

## CERTIFICATE OF SERVICE

I, Chuck McRae, hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent a true and correct copy of the pleading to the following:

Gary E. Friedman
Gregory Todd Butler
**Phelps Dunbar, LLP**
P.O. Box 16114
Jackson, MS 39236-6114
friedman@phelps.com
butler@phelps.com
*Attorneys for the City of Pearl Defendants*

Justin L. Matheny
Wilson D. Minor
**Mississippi Attorney General's Office**
P.O. Box 220
Jackson, MS 39205-0220
jmath@ago.state.ms.us
wmino@ago.state.ms.us
*Attorneys for Defendant Brad McLendon*

Jason E. Dare
J. Lawson Hester
**Wyatt, Tarrant & Combs, LLP**
P.O. Box 16089
Jackson, MS 39236-6089
jdare@wyattfirm.com
lhester@wyattfirm.com
*Attorneys for the Rankin County Defendants*

THIS 1st day of December, 2016.

/s/ Chuck McRae
CHUCK McRAE, MSB #2804