IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH GERHART, ET AL.**                                                                 **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO.: 3:11-cv-00586-HTW-LRA**

**RANKIN COUNTY, MISSISSIPPI, ET AL.**                                      **DEFENDANTS**

**EMERGENCY MOTION FOR CONTINUANCE**

Municipal Defendants the City of Pearl, Mississippi, former Police Chief Ben Schuler in his official capacity, Detective Jaime Scouten in his official capacity, and former Police Officer Johnny Barnes in his official and individual capacities move to continue the January 23, 2017 trial setting in this case for the following reasons:

1. This case is on a January 23, 2017 trial setting, *see* Doc. No, 214, but it is not in a posture to be tried at that time. Significantly, there are pending summary judgment motions before the Court for which written rulings have not been entered. *See* Doc. Nos. 169, 171, 173, 223, & 227. The Court orally stated at both the January 3, 2017 and January 9, 2017 hearings that written orders would be forthcoming,[1] but, to date, the Court has not yet entered orders on the pending summary judgment motions.

2. A continuance of the current trial setting is necessary because the pending summary judgment motions implicate issues of qualified immunity. Under settled Fifth Circuit law, the issue of qualified immunity cannot be carried with a case to trial. *See Helton v. Clements*, 787 F.2d 106 (5th Cir. 1986). Instead, district courts are required to rule on issues of qualified immunity prior to trial. *See Craft v. Wipf*, 810 F.2d 170 (5th Cir. 1987) (reversing a

---

[1] In particular, the Court said that it intended to dismiss all claims against the Pearl-affiliated defendants, with the exception of two: (1) a 42 U.S.C. § 1983 claim brought under the Fifth Amendment against Officer Barnes in his individual capacity for unlawful entry and (2) a reckless infliction of emotional distress claim brought under state law against Officer Barnes in his individual capacity. To undersigned counsel's knowledge, there was no court reporter at either the January 3 or January 9 hearings and thus there is no transcript.

district court's failure to rule on qualified immunity asserted in a summary judgment motion and remanding the case to the district court for a decision). The Supreme Court reiterated earlier this week that "qualified immunity 'is effectively lost if a case is erroneously permitted to go to trial[.]'" *See White v. Pauly*, 580 U.S. ___, No. 16-67 (Jan. 9, 2017) (quoted case omitted).

3. One of the primary reasons that district courts must rule on issues of qualified immunity prior to trial is straightforward: issues of quailed immunity are immediately appealable. *See Randle v. Lockwood*, 2016 WL 6652702, *2 (5th Cir. Nov. 10, 2016) (explaining that "[a] denial of qualified immunity, as well as a failure to address the issue of qualified immunity, is immediately appealable"). Defendant Barnes and the other individual defendants have 30 days after this Court enters its ruling to determine whether they wish to appeal the determination this Court makes on their entitlement to qualified immunity. *See Butler v. Rio Rancho Public Sch. Bd. of Educ.*, 245 F.Supp.2d 118 (D. N.M. 2002).

4. A collateral reason that this case is not in a posture for trial is because the parties have not agreed upon a proposed pre-trial order and submitted it to the Court. One of the components of a pre-trial order is identifying the specific claims which remain in the case. Until this Court issues its ruling on the pending summary judgment motions, the parties cannot identify what claims would be tried. In the same vein, the pre-trial order requires the parties to identify what witnesses and evidence they intend to proffer at trial and requires opposing parties to lodge objections to the same. Until this Court issues its ruling on the pending summary judgment motions, the parties cannot identify what witnesses, evidence, and objections are necessary to prove or combat the remaining claims in the case.

5. It is specifically requested that this Court continue the current trial setting until at least 30 days after this Court enters its orders adjudicating the pending summary judgment

motions. Such continuance will provide the parties with time to consider the Court's ruling, determine whether they wish to exercise their right to appeal, and finalize the proposed pre-trial order.

6. This motion is being filed as expedited because the trial date is fast approaching and because this Court's December 20, 2016 notice requires that all motions for continuance be filed at least "five days before the trial date." *See* Doc. No. 214.

7. Given the straightforward nature of this motion, it is requested that any requirement of a separate memorandum in support be waived.

For these reasons, it is requested that the current trial date be continued to at least 30 days after this Court enters its forthcoming ruling on the pending summary judgment motions.

Dated: January 11, 2017.

                                                        Respectfully submitted,

                                                        PHELPS DUNBAR, LLP

                                                        BY:  */s/ G. Todd Butler*
                                                                 Gary E. Friedman, MB #5532
                                                                G. Todd Butler, MB #102907
                                                               4270 I-55 North
                                                               Jackson, Mississippi 39211-6391
                                                              Post Office Box 16114
                                                              Jackson, Mississippi  39236-6114
                                                              Telephone: 601-352-2300
                                                              Telecopier: 601-360-9777
                                                              Email:  friedmag@phelps.com
                                                                         butlert@phelps.com

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel has filed the foregoing with the Clerk of the Court, utilizing the Electronic Case Filing system, which sent notification of such filing to the following counsel of record:

Charles R. McRae, Esquire
Annette B. Mathis, Esquire
Gale N. Walker, Esquire
CHUCK MCRAE LAW OFFICE
416 East Amite Street
Jackson Mississippi 39201
(601) 944-1008
chuck@mcraelaw.net
Annette@mcraelaw.net
gale@mcraelaw.net

*ATTORNEYS FOR PLAINTIFFS*

J. Lawson Hester, Esquire
Jason Edward Dare, Esquire
WYATT TARRANT & COMBS
P.O. Box 16089
Jackson MS 39236-6089
(601) 987-5300
lhester@wyattfirm.com
jdare@wyattfirm.com

*ATTORNEYS FOR DEFENDANTS RANKIN COUNTY MISSISSIPPI, RANKIN COUNTY SHERIFF'S DEPARTMENT, SHERIFF RONNIE PENNINGTON AND DEPUTY BRETT MCALPIN*

Justin L. Matheny, Esq.
Wilson D. Minor, Esq.
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
550 High Street (39201)
Jackson MS 39205-0220
(601) 359-6279
wmino@ago.state.ms.us

*ATTORNEYS FOR DEFENDANT BRAD MCLENDON*

DATED, this the 11th day of January, 2017.

                                     */s/ G. Todd Butler*
                                     G. TODD BUTLER