IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH GERHART,** *et al.*                                                            **PLAINTIFFS**

vs.                                                **CIVIL ACTION NO.: 3:11-CV-586-HTW-LRA**

**RANKIN COUNTY,** *et al.*                                                              **DEFENDANTS**

### ORDER DENYING THE DEFENDANT'S
### SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT are the following motions: Rankin County Defendants' Supplemental Motion for Summary Judgment. **[Docket no. 223]**; the Rankin County Defendants' Motion for Leave to File Supplemental Motion for Summary Judgement **[Docket no. 225]**; and the Plaintiffs' Motion to Strike Supplemental Motion for Summary Judgment **[Docket no. 226]**. This court is convinced the Rankin County Defendants' Motion for Leave to File Supplemental Motion for Summary Judgement **[Docket no. 225]** is well-taken and is due to be **GRANTED**. Further, this court is persuaded that the Plaintiffs' Motion to Strike Supplemental Motion for Summary Judgment **[Docket no. 226]** is not well-taken and is, therefore, due to be **DENIED**.

This court held a hearing in this matter on January 3, 2017, in which the parties argued their respective positions.[1] This court requested a letter brief from the parties in this matter regarding the issue of the "relation-back" of Brett Gerhart's claims – acting as an adult in his own capacity – in the fourth amended complaint [Docket no. 206] to the original complaint [Docket

---

[1] After this court held its hearing on January 3, 2017, it issued its memorandum opinions denying two (2) pending motions for summary judgment based on the purported qualified immunity of three law enforcement defendants. The defendants, aggrieved, filed interlocutory notices of appeal in April, 2017. This court then stayed further proceedings in this matter pending the United States Fifth Circuit Court of Appeals' rulings on defendants' interlocutory notices of appeal. The Fifth Circuit Court of Appeals issued its opinions in November, 2017, and June, 2018, whereupon this court returned this lawsuit to its active docket and held a status conference with the parties.

1

no.1]. The parties submitted their letter briefs to this court on January 5, 2017, which are attached to this Order as exhibits.

The Rankin County Defendants cited no new case law in their letter brief, but reiterated their points of law which were encompassed by their brief on this matter. [Docket no. 224]. The Rankin County Defendants urge this court to treat the amendment as an amendment changing the name of a "John Doe" defendant in a complaint. Thus, say the Defendants, *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), applies.

In this Supplemental Motion for Summary Judgment, the court only addresses one aspect of the Fourth Amended Complaint, and that is whether plaintiff Brett Gerhart can sue in his own individual capacity. This lawsuit was originally brought by his parents acting as next friend to Brett Gerhart (and his siblings who were minors at the time of the incidents at issue here).

Defendants herein are: Johnny Barnes; Brett McAlpin; Brad McLendon; Sheriff Ronnie Pennington; Rankin County, Mississippi; Ben Schuler; Jamie Scouten; and the City of Pearl, Mississippi. Defendants contend that at this late date, Brett Gerhart cannot be substituted in his own adult, individual capacity.

During the entire course of this litigation, the issue before this court has been whether Brett Gerhart had been deprived of his constitutional rights by the defendants during their alleged search and seizure of his person and residence. The parties have engaged in copious discovery to flesh out the details of what occurred during the encounter between Brett Gerhart and the defendants.

On December 1, 2016, in plaintiffs' fourth amended complaint [Docket no. 205], Brett Gerhart is suing in his own adult, individual capacity. The defendants herein contend that his [Brett Gerhart's] claims in his individual, adult capacity are barred by the Mississippi statutes of limitations codified at Miss. Code §§ 11-15-135 and 11-15-149.

2

For the reasons stated *infra*, this court is convinced the Rankin County Defendants' Supplemental Motion for Summary Judgment **[Docket no. 223]** is not well-taken and therefore, is due to be **DENIED**.

## I.     PROCEDURAL HISTORY

The Plaintiffs filed their lawsuit on September 20, 2011. [Docket no. 1]. Before the complaint had been served, the Plaintiffs filed their [First] Amended Complaint on November 17, 2011 [Docket no. 2]. The Rankin County Defendants filed their answer to the amended complaint on December 12, 2011. [Docket no. 19]. The City of Pearl Defendants filed their answer to the amended complaint on December 21, 2011. [Docket no. 20].

The Plaintiffs filed a Second Amended Complaint on February 21, 2012. [Docket no. 31]. The Defendants filed their answers on February 27, 2012 [Docket no. 33], and March 2, 2012 [Docket no. 38].

The Plaintiffs filed their Third Amended Complaint on May 31, 2012. [Docket no. 85]. The defendants filed their answers on June 6, 2012 [Docket no. 93], and June 20, 2012 [Docket no. 99].

The Rankin County Defendants filed a Motion for Partial Summary Judgment on July 29, 2016, alleging the misnomer of Brett Gerhart. [Docket no. 162]. In all the complaints operative in the lawsuit *sub judice* until the filing of the Fourth Amended Complaint, Brett Gerhart was not named in his own capacity by the Plaintiffs, but his parents Joseph Gerhart and Amanda Jo Gerhart were named as next friend of Brett Gerhart. As a result of the filing of the Rankin County Defendants' Partial Motion for Summary Judgment, the Plaintiffs filed a Motion for Leave to File an Amended Complaint. [Docket no. 175]. This court granted the Plaintiffs leave to file a fourth

amended complaint to correct the misnomer of Brett Gerhart on November 29, 2016. [Docket no. 205].

The Plaintiffs filed their Fourth Amended Complaint on December 1, 2016. [Docket no. 206]. The Rankin County Defendants filed their Motion to Strike the Amended Complaint on December 13, 2016, which this court will address in a separate order. [Docket no. 209]. The Rankin County Defendants filed the instant Supplemental Motion for Summary Judgment on January 3, 2017. **[Docket no. 223]**. The Plaintiffs have not filed a responsive pleading but filed a letter brief as requested by this court, which this court will attach as an exhibit to this Order. The City of Pearl Defendants have filed a Joinder in Document supporting the Rankin County Defendants' supplemental motion for summary judgment. [Docket no. 227].

## II. ARGUMENT

### a. *Standard of Review*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When determining whether summary judgment is appropriate, this court must examine "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine indeed whether genuine disputes exist as to any material facts and whether the moving party is entitled to a judgment as a matter of law. *McDonald v. Entergy Operations Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (*quoting* Fed. R. Civ. P. 56(c)).

The court must view the facts, evidence and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

4

U.S. 574, 587 (1986); *Rogers v. Bromac Title Servs., L.L.C*., 755 F.3d 347, 350 (5th Cir. 2014). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value of the evidence.'" *McDonald*, 2005 WL 2474701, at *3 (*quoting Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

"A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (*quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *McDonald*, 2005 WL 2474701, at *3 (*citing National Screen Serv. Corp. v. Poster Exchange, Inc*., 305 F.2d 647, 651 (5th Cir. 1962)). "[C]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial." Id. (*citing TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1997).

It is clear Fifth Circuit precedent that "[a] district court's [decision about] leave to amend is reviewed for an abuse of discretion." *Ballard v. Devon Energy Prod. Co*., 678 F.3d 360, 364 (5th Cir.2012) (citation omitted). *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013).

### b. *Statutes of Limitations*

Mississippi law mandates that a plaintiff must "file an action within three years of its date of accrual." *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) (citing MISS. CODE ANN. § 15-1-49). "Although the federal courts look to state law to determine the applicable statute of

5

limitations, they look to federal law to determine when the cause of action accrues." *Metcalf v. Robertson*, 62 F.3d 394, 394 (5th Cir. 1995) (citing *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is … governed by federal rules conforming in general to common-law tort principles. Under those principles, it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Aly v. City of Lake Jackson*, 453 F. App'x 538, 539 (5th Cir. 2011) (quoting *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007)).

Brett Gerhart has also asserted claims under Mississippi's Tort Claims Act (hereinafter referred to as "MCTA"). The MTCA requires that "[a]ll actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after…." MISS. CODE ANN. § 11-46-11(3).

The incident at the heart of this lawsuit occurred on June 7, 2010. Plaintiffs herein filed their original complaint on September 20, 2011. [Docket no. 1]. Accordingly, plaintiffs filed their original complaint within the three (3) year statute of limitations. Plaintiffs filed their Fourth Amended Complaint on December 1, 2017. [Docket no. 205]. Plaintiffs' Fourth Amended Complaint, therefore, was filed approximately four (4) and a half years after the three (3) year statute of limitations would have run. This court must then determine whether Brett Gerhart's claims relate back to the filing of the original complaint in this lawsuit.

    **c.** *Relation Back of Amendments*

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

"Whether to grant leave to amend a complaint is entrusted to the sound discretion of the district court [.]" *Ballard*, 678 F.3d at 364 (citation and internal quotation marks omitted). *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013).

"[G]enerally, 'relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings.'" *Altamirano v. Vickers*, 2004 WL 1147002 (E.D. La. May 20, 2004)(*Quoting Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 19680)). "Courts have found, however, that amendments that add or substitute a plaintiff will relate back in certain limited circumstances." *Id*. "[N]otice is the critical element involved in Rule 15(c) decisions." *Id.* "Most of the cases in which an amendment that adds or substitutes a plaintiff relates back are cases in which the plaintiff was already in the lawsuit in some capacity or there is a direct relationship, such as ownership, between the current plaintiffs and the new or substituted plaintiffs." *Id.* (*Collecting cases*).

> In a determination of whether a new plaintiff's claims relate back to the original complaint, courts consider whether "(1) the new plaintiff's claim arose out of the same conduct, transaction or occurrence set forth in the original complaint; (2) the new plaintiff shares an identity of interest with the original plaintiff; (3) the defendants have fair notice of the new plaintiff's claim; and (4) the addition of the new plaintiff causes the defendants prejudice." *Olech v. The Village of Willowbrook*, 138 F.Supp. 1036, 1044 (N.D.Ill.2000) (internal citations omitted). Notice is the "linchpin" of the analysis. *Young v. Lepone*, 305 F.3d 1, 16–17 (1st Cir.2002) (*quoting Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).

*Altamirano* at *4.

In looking at the *Olech* analysis, this court must analyze the four *Olech* factors, weighing notice most heavily of the four factors. The defendants, do not, and cannot allege the plaintiff's claims did not arise out of the same conduct, transaction or occurrence set forth in the original complaint. It is undisputed that the Plaintiff has alleged throughout this lawsuit that Brett Gerhart's injuries arose from the purported illegal conduct of the defendants.

The "new" plaintiff, Brett Gerhart, shares an identity of interest with the former plaintiff, Joseph Gerhart as next friend of Brett Gerhart and Amanda Jo Gerhart as next friend of Brett Gerhart. It would be a strange result for this court to find that Brett Gerhart, asserting his own claims as an adult, is not a party in privity with his parents asserting claims on his behalf.

Further, the defendants cannot claim they were not on notice of Brett Gerhart's claims. Nothing in this matter, factually, has changed, except Brett Gerhart's status as an infant or adult. Regardless of that status, this court finds the defendants should have been, and, indeed were on notice of Brett Gerhart's claims, whether as an adult or infant.

Finally, this court can find no situation where the relation back of Brett Gerhart's claims as an adult would prejudice the defendants. The parties have litigated this matter over the course of five and a half years. They have conducted extensive discovery in this matter, including deposing Brett Gerhart himself. This court finds no prejudice would attach by treating Brett Gerhart's claims as the parties have been treating them throughout the course of this lawsuit.

The Rankin County Defendants urge this court to treat this matter as that in *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998). This court finds *Jacobsen* distinguishable. In *Jacobsen* the plaintiffs initially named several "unknown police officers" in their original complaint. The magistrate judge did not allow the amendment of the complaint to name the officers citing both futility of the amendment and untimeliness of the request. The Fifth Circuit found the magistrate judge abused her discretion and the amendment should have been allowed; the court, however, still refused to allow the relation-back of the amendment because Rule 15 did not allow for amended complaints to relate back when the plaintiff does not know the identity of the purported defendants – John Does. Relation back, according to the *Jacobsen* court, can only occur where the

plaintiff misidentifies a defendant. The court analyzed Federal Rule of Civil Procedure 15(c) and stated:

> For the circumstances presented *by this action*, our court has not addressed whether, in order to prevent a time-bar, an amendment to substitute a named party for a "John Doe" defendant may relate back under amended Rule 15(c)(3). We conclude that, in the circumstances present in this case, relation back should not be allowed. This is consistent with the majority of the other circuits that have considered the issue. They have held that, for a "John Doe" defendant, there was no "mistake" in identifying the correct defendant; rather, the problem was not being able to identify that defendant.

*Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998)(Emphasis added). The facts of *Jacobsen* are not the facts in the lawsuit *sub judice*. The parties in this lawsuit were properly able to identify Brett Gerhart, the only issue was; not who Brett Gerhart was, but, in what capacity Brett Gerhart was named, as an adult or as a minor.

### III.  CONCLUSION

After a review of the pleadings of the parties, the letter briefs requested by the court, arguments of counsel, and the jurisprudence, this court is convinced the Rankin County Defendants' Motion for Leave to File Supplemental Motion for Summary Judgement **[Docket no. 225]** is well-taken and hereby **GRANTED**; however, this court is persuaded after a copious review of that motion – the Rankin County Defendants' Supplemental Motion for Summary Judgment **[Docket no. 223]** – that the thrust of such is not well-taken and, therefore, must be **DENIED**.

Finally, this court is persuaded that the Plaintiffs' Motion to Strike Supplemental Motion for Summary Judgment **[Docket no. 226]** is not well-taken and is hereby **DENIED**.

**SO ORDERED** this the 5th day of September, 2018.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT COURT JUDGE