IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOSEPH GERHART, et al.**                                                              **PLAINTIFFS**

**VS.**                                     **CIVIL ACTION NO.: 3:11-cv-00586-HTW-LRA**

**RANKIN COUNTY, MISSISSIPPI, et al.**                                 **DEFENDANTS**

**MUNICIPAL DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
FOURTH AMENDED COMPLAINT**

**COME NOW** Defendants, the City of Pearl, Mississippi, Pearl Police Chief Ben Schuler in his official capacity, Officer Jamie Scouten in his official capacity, and Officer Johnny Barnes in his official and individual capacities ("Municipal Defendants"), and respectfully provide their Affirmative Defenses and Answer to Plaintiffs' Fourth Amended Complaint ("Complaint") as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Municipal Defendants' plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries were not caused by a policy or custom of the City of Pearl, Mississippi. Therefore, there is no municipal liability.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the City of Pearl, Mississippi.

## FIFTH AFFIRMATIVE DEFENSE

While denying that Plaintiffs are entitled to punitive damages, Municipal Defendants affirmatively plead that an award of punitive damages would violate the State and Federal Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Municipal Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit, and no right to a jury trial.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to sue Johnny Barnes in his individual capacity, Barnes is entitled to qualified immunity from Plaintiffs' claims, in that his conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of collateral estoppel, equitable estoppel, judicial estoppel, and *res judicata*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's own actions, or the actions of a third party for whom Municipal Defendants are not responsible, were the proximate and superseding cause of any damages Plaintiff may have sustained. Defendants invoke all applicable contribution and comparative fault principles.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking special damages, Plaintiff has failed to plead such damages with the specificity required by *Fed. R. Civ. P.* 9(g).

## ELEVENTH AFFIRMATIVE DEFENSE

Municipal Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## TWELFTH AFFIRMATIVE DEFENSE

Municipal Defendants plead the defense of inadequate service of process.

## ANSWER

Without waiving any of the aforementioned affirmative defenses, Municipal Defendants respond to the Complaint as follows:

## JURISDICTION

1. It is admitted that this Court has jurisdiction, but the remaining allegations contained in Paragraph 1 of the Complaint are denied.

## VENUE

2. It is admitted that venue is proper, but the remaining the allegations contained in Paragraph 2 of the Complaint are denied.

## PARTIES

3. The allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are not directed at Municipal Defendants and therefore do not require a response.

5. The allegations contained in Paragraph 5 of the Complaint are not directed at Municipal Defendants and therefore do not require a response.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph 9 of the Complaint are not directed at Municipal Defendants and therefore do not require a response.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are not directed at Municipal Defendants and therefore do not require a response.

12. The allegations contained in Paragraph 12 of the Complaint are not directed at Municipal Defendants and therefore do not require a response.

13. The allegations contained in Paragraph 13 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 13 of the Complaint are directed at Municipal Defendants, the same are denied.

## **INTRODUCTION**

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 16 of the Complaint are directed at Municipal Defendants, the same are denied.

17. The allegations contained in Paragraph 17 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 17 of the Complaint are directed at Municipal Defendants, the same are denied.

18. The allegations contained in Paragraph 18 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 18 of the Complaint are directed at Municipal Defendants, the same are denied.

19. The allegations contained in Paragraph 19 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 19 of the Complaint are directed at Municipal Defendants, the same are denied.

**FACTS**

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are admitted.

23. Municipal Defendants are without information sufficient to permit admitting or denying the allegations contained Paragraph 23 of the Complaint and therefore deny the same.

24. The allegations contained in Paragraph 24 of the Complaint are admitted.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that the allegations in Paragraph 26 of the Complaint are directed at Municipal Defendants, the same are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. The allegations contained in paragraph 28 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36. The allegations contained in paragraph 36 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, the allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38. The allegations contained in paragraph 38 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, the allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting

or denying the allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40. The allegations contained in paragraph 40 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41. The allegations contained in paragraph 41 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, the allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, the allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are not directed at Municipal Defendants and therefore do not require a response. To the extent that a response is required, Municipal Defendants are without information sufficient to permit them from admitting or denying the allegations contained in Paragraph 43 of the Complaint and therefore deny the same.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

### COUNT I
### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

45. Municipal Defendants re-allege and incorporate their previous responses set forth in the foregoing paragraphs in response to Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

**COUNT II**
**FAILURE TO ADEQUATELY TRAIN & SUPERVISE**
**DEPUTIES**

52. Municipal Defendants re-allege and incorporate their previous responses set forth in the foregoing paragraphs in response to Paragraph 52 of the Complaint.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

**COUNT III**
**CIVIL CONSPIRACY**

59. Municipal Defendants re-allege and incorporate their previous responses set forth in the foregoing paragraphs in response to Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in Paragraph 61 of the Complaint are denied.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Municipal Defendants re-allege and incorporate their previous responses set forth in the foregoing paragraphs in response to Paragraph 62 of the Complaint.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

65. Municipal Defendants re-allege and incorporate their previous responses set forth in the foregoing paragraphs in response to Paragraph 65 of the Complaint.

66. The allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

## **PRAYER FOR RELIEF**

It is denied that Plaintiffs are entitled to the relief requested in the unnumbered paragraph of the Complaint, which begins "**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs" and it is further denied that Plaintiffs are entitled to relief of any kind.

Municipal Defendants again deny that Plaintiffs are entitled to any relief whatsoever and request that Plaintiffs' lawsuit be dismissed, with all costs taxed to Plaintiffs.

Dated: September 14, 2018.

        Respectfully submitted,

        **PHELPS DUNBAR, LLP**

BY:   */s/ G. Todd Butler*
        Gary E. Friedman, MB #5532
        Gregory Todd Butler, MS Bar No.: 102907
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi 39236-6114
        Telephone: 601-352-2300
        Telecopier: 601-360-9777
        Email: friedmag@phelps.com
               butlert@phelps.com

**ATTORNEYS FOR MUNICIPAL DEFENDANTS**

# CERTIFICATE OF SERVICE

I, TODD BUTLER, do hereby certify that I electronically filed the above and foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Charles R. McRae
CHUCK MCRAE LAW OFFICE
416 East Amite Street
Jackson MS 39201
(601) 944-1008
chuck@mcraelaw.net

*ATTORNEY FOR PLAINTIFFS*

J. Lawson Hester
Jason Edward Dare
WYATT TARRANT & COMBS
P.O. Box 16089
Jackson MS 39236-6089
(601) 987-5300
lhester@wyattfirm.com
jdare@wyattfirm.com

*ATTORNEYS FOR DEFENDANTS RANKIN COUNTY, MISSISSIPPI, SHERIFF RONNIE PENNINGTON and DEPUTY BRETT MCALPIN*

Dated: September 14, 2018.

*/s/ G. Todd Butler*
G. TODD BUTLER