# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOSEPH GERHART et al**                                              **PLAINTIFFS**

**v.**                                              **CAUSE NO. 3:11cv586-HTW-LRA**

**RANKIN COUNTY, MISSISSIPPI, et al**                                 **DEFENDANTS**

_____

### ANSWER AND AFFIRMATIVE DEFENSES OF THE RANKIN COUNTY DEFENDANTS TO PLAINTIFFS' [260] FOURTH AMENDED COMPLAINT
_____

**NOW COME** Defendants, Rankin County, Mississippi, Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his official and individual capacities, ("the Rankin County Defendants") by and through their undersigned counsel of record, and submit this, their Answer and Defenses in the above styled and numbered cause, in response to Plaintiffs' [260] Fourth Amended Complaint filed herein against them, by stating as follows:

### FIRST DEFENSE

The Rankin County Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

### SECOND DEFENSE

The Rankin County Defendants affirmatively assert and invoke all substantive and procedural defenses available unto them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to MISS. CODE ANN. §§ 11-46-1 *et seq*., specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to Plaintiffs' state law claims. To the extent that Plaintiffs' Fourth Amended

Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against these Defendants, they move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

## THIRD DEFENSE

Individual Defendant, Brett McAlpin, possesses sovereign and qualified immunity herein from suit and/or liability and/or damages.

## FOURTH DEFENSE

The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

The Rankin County Defendants did not breach any duty owed to the Plaintiffs, nor did they violate any right or privilege of the Plaintiffs, and are, therefore, not liable in damages.

## SIXTH DEFENSE

The Rankin County Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of tortious conduct or omission. The actions taken by these Defendants were taken in good faith and in good faith reliance upon then existing law.

## SEVENTH DEFENSE

The matters set forth in the Fourth Amended Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

## EIGHTH DEFENSE

The Rankin County Defendants committed no act or omission which caused any injury, damage, and/or deprivation to the Plaintiffs and these Defendants are, therefore, not liable in damages.

## NINTH DEFENSE

As a matter of law, the Plaintiffs are not entitled to any relief from the Rankin County Defendants.

## TENTH DEFENSE

The Rankin County Defendants hereby specifically plead that if the allegations of the Fourth Amended Complaint are true in any respect, which is denied, Plaintiffs may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain.  To the extent events that form the subject matter of Plaintiffs' Fourth Amended Complaint and Plaintiffs' alleged damages, if any, were caused by the actions or omissions of Plaintiffs, or any of them, any recovery by Plaintiffs, if any, must be reduced accordingly under principles of comparative fault.

## ELEVENTH DEFENSE

Alternatively, Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which the Rankin County Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRTEENTH DEFENSE

The Rankin County Defendants possess immunity herein from suit and/or liability and/or damages.

## FOURTEENTH DEFENSE

Plaintiffs claims are barred by the doctrines of res judicata and/or collateral estoppel, as the final judgment in favor of these Defendants in the claim brought by Plaintiffs in the Circuit Court of Rankin County, Mississippi, cause number 22001, precludes the instant matter.

## FIFTEENTH DEFENSE

**NOW COME** Rankin County, Mississippi, Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his official and individual capacities, by and through counsel, and state that unless specifically admitted herein, these Defendants deny all allegations of the Fourth Amended Complaint.

## SIXTEENTH DEFENSE

For answer to the allegations of the Fourth Amended Complaint, these Defendants state:

## JURISDICTION

1.      In response to ¶ 1 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that federal question jurisdiction exists herein.  Except where otherwise specifically admitted herein, the allegations in ¶ 1 of Plaintiffs' Fourth Amended Complaint are denied.

## VENUE

2.      In response to ¶ 2 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that venue is proper with this Court.  Except where otherwise specifically admitted herein, the allegations in ¶ 2 of Plaintiffs' Fourth Amended Complaint are denied.

## PARTIES

3.      The Rankin County Defendants admit that Joseph and Amanda Gerhart testified at their deposition that they resided at 481 Robert Michael Drive, Pearl, Rankin County, Mississippi.  Except where otherwise specifically admitted herein, the allegations in ¶ 3 of Plaintiffs' Fourth Amended Complaint are denied.  These Defendants specifically deny that they proximately caused or contributed to any harm or injuries to the Plaintiffs.

4.      In response to ¶ 4 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Rankin County, Mississippi is a political subdivision within the State of Mississippi and subject to the rules, laws and regulations applicable to it, that Rankin County, Mississippi complied with any and all applicable rules, laws and regulations, and that Rankin County, Mississippi may be served with process as provided for by law.  Except where otherwise specifically admitted herein, the allegations in ¶ 4 of Plaintiffs' Fourth Amended Complaint are denied.

5.      In response to ¶ 5 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Sheriff Pennington was the duly elected Sheriff of Rankin County, Mississippi, that he was subject to and abided by any and all rules and/or regulations applicable to him, and that he may be served with process as provided for by

law.    Except where otherwise specifically admitted herein, the allegations in ¶ 5 of Plaintiffs' Fourth Amended Complaint are denied.

6.      As the allegations of ¶ 6 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 6 do pertain or relate to these Defendants, same are denied.

7.      As the allegations of ¶ 7 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 7 do pertain or relate to these Defendants, same are denied.

8.      As the allegations of ¶ 8 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 8 do pertain or relate to these Defendants, same are denied.

9.      In response to ¶ 9 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Brett McAlpin was employed with Rankin County, Mississippi and that he was present at a residence where Brett Gerhart was located on or around June 7, 2010.  Except where otherwise specifically admitted herein, the allegations in ¶ 9 of Plaintiffs' Fourth Amended Complaint are denied.

10.     As the allegations of ¶ 10 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 10 do pertain or relate to these Defendants, same are denied.

11.    As the allegations of ¶ 11 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 11 do pertain or relate to these Defendants, same are denied.

12.    As the allegations of ¶ 12 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 12 do pertain or relate to these Defendants, same are denied.

13.    As the Plaintiffs have not identified the John and Jane Doe Defendants, these Defendants are without specific information and/or belief to admit or deny their whereabouts, and accordingly deny said allegations in ¶ 13 of Plaintiffs' Fourth Amended Complaint.  All remaining allegations in ¶ 13 related to these Defendants, if any, are denied.

## INTRODUCTION

14.    In response to ¶ 14 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit Brett McAlpin was involved in a "buy-bust operation" lead by the Peal Police Department on or around June 7, 2010.  Except where otherwise specifically admitted herein, the allegations in ¶ 14 of Plaintiffs' Fourth Amended Complaint are denied.

15.    In response to ¶ 15 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Joseph and Amanda Gerhart have testified they were at their residence at 481 Robert Michael Drive on June 7, 2010.  Except where otherwise specifically admitted herein, the allegations in ¶ 15 of Plaintiffs' Fourth Amended Complaint are denied.

16.    The allegations of ¶ 16 of Plaintiffs' Fourth Amended Complaint are denied.

17.    In response to ¶ 17 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that there was no probable cause hearing in regards to the criminal charges filed against Brett McAlpin.   Except where otherwise specifically admitted herein, the allegations in ¶ 17 of Plaintiffs' Fourth Amended Complaint are denied.

18.    The allegations of ¶ 18 of Plaintiffs' Fourth Amended Complaint are denied.

19.    In response to ¶ 19 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that on September 2, 2010, the Rankin County Circuit Court entered an Order to Dismiss § 99-3-28 Miss. Code Ann. (1972) Hearing in relation to Cause No. 22001.  Except where otherwise specifically admitted herein, the allegations in ¶ 19 of Plaintiffs' Fourth Amended Complaint are denied.

## FACTS

20.    The Rankin County Defendants were not involved with and have no knowledge of the facts that brought about the "buy-bust operation" on June 7, 2010, and accordingly, the allegations of ¶ 20 of Plaintiffs' Fourth Amended Complaint are denied.

21.    The allegations of ¶ 21 of Plaintiffs' Fourth Amended Complaint are denied.

22.    In response to ¶ 22 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Brett McAlpin was at the Pearl Police Department during a briefing, but deny the remainder of ¶ 22 to the extent the allegations are inconsistent with the deposition testimony of Brett McAlpin.  Except where otherwise specifically admitted herein, the allegations in ¶ 22 of Plaintiffs' Fourth Amended Complaint are denied.

23.    In response to ¶ 23 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Brett McAlpin was at the Pearl Police Department during a

briefing, but deny the remainder of ¶ 23 to the extent the allegations are inconsistent with the deposition testimony of Brett McAlpin and deny the he "heard the entire briefing." Except where otherwise specifically admitted herein, the allegations in ¶ 23 of Plaintiffs' Fourth Amended Complaint are denied.

24.     The allegations of ¶ 24 of Plaintiffs' Fourth Amended Complaint, as pertaining to the Rankin County Defendants, are denied.  These Defendants are without sufficient information and/or belief to admit or deny the allegations of ¶ 24 of Plaintiffs' Fourth Amended Complaint as pertaining to other Defendants and/or individuals, and accordingly, deny same.

25.     The allegations of ¶ 25 of Plaintiffs' Fourth Amended Complaint are denied.

26.     In response to ¶ 26 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that an individual, later identified as Brett Gerhart, was standing in front of a residence when the vehicle in which McAlpin was riding pulled into the front yard.  These Defendants further admit that upon proper identification and requests to get on the ground by law enforcement officers, Brett Gerhart ran through the carport door, into the house, and locked the door behind him.  Except where otherwise specifically admitted herein, the allegations in ¶ 26 of Plaintiffs' Fourth Amended Complaint are denied.

27.     In response to ¶ 27 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that McAlpin followed Brett Gerhart into the residence. Except where otherwise specifically admitted herein, the allegations in ¶ 27 of Plaintiffs' Fourth Amended Complaint are denied.

28.     In response to ¶ 28 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Brett Gerhart was brought back into the residence after

Brett Gerhart exited the front door of the residence. Except where otherwise specifically admitted herein, the allegations in ¶ 28 of Plaintiffs' Fourth Amended Complaint are denied.

29.     As the allegations of ¶ 29 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 29 do pertain or relate to these Defendants, same are denied.

30.     As the allegations of ¶ 30 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 30 do pertain or relate to these Defendants, same are denied.

31.     As the allegations of ¶ 31 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations.  To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 31 do pertain or relate to these Defendants, same are denied.

32.     The allegations of ¶ 32 of Plaintiffs' Fourth Amended Complaint are denied.

33.     In response to ¶ 33 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Barnes informed McAlpin that the officers were in the wrong house, and that upon hearing this information, McAlpin exited the residence without speaking to the Gerharts.   Except where otherwise specifically admitted herein, the allegations in ¶ 33 of Plaintiffs' Fourth Amended Complaint are denied.

34.     In response to ¶ 34 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that McAlpin walked to a separate house after exiting the Gerhart

residence.  Except where otherwise specifically admitted herein, the allegations in ¶ 34 of Plaintiffs' Fourth Amended Complaint are denied.

35.     The allegations in the first sentence of ¶ 35 of Plaintiffs' Fourth Amended Complaint are denied.  In response to the allegations in the second sentence of ¶ 35, the Rankin County Defendants admit that the contents of Memorandum of Understanding dated June 8, 2010, speak for themselves.  The Rankin County Defendants deny the contents of the Memorandum of Understanding.  Except where otherwise specifically admitted herein, the allegations in ¶ 35 of Plaintiffs' Fourth Amended Complaint are denied.

36.     The allegations of ¶ 36 of Plaintiffs' Fourth Amended Complaint are denied.

37.     The allegations of ¶ 37 of Plaintiffs' Fourth Amended Complaint are denied.

38.     In response to ¶ 38 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that there was no probable cause hearing in cause number 22001.  Except where otherwise specifically admitted herein, the allegations in ¶ 38 of Plaintiffs' Fourth Amended Complaint are denied.

39.     In response to ¶ 39 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that an Amended Motion to Dismiss 99-3-28 Miss. Code Ann. (1972) Hearing was filed on September 2, 2010, and the Amended Motion had two affidavits attached to it.  Defendants deny the allegations concerning the language of the Amended Motion and/or affidavits, as the documents speak for themselves.  Except where otherwise specifically admitted herein, the allegations in ¶ 39 of Plaintiffs' Fourth Amended Complaint are denied.

40.     The allegations of ¶ 40 of Plaintiffs' Fourth Amended Complaint are denied.

41.     The allegations of ¶ 41 of Plaintiffs' Fourth Amended Complaint are denied.

42.     In response to ¶ 42 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that an Order to Dismiss 99-3-28 Miss. Code Ann. (1972) Hearing was filed on September 2, 2010.  Except where otherwise specifically admitted herein, the allegations in ¶ 42 of Plaintiffs' Fourth Amended Complaint are denied.

43.     In response to ¶ 43 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that court costs have not been assessed against Brett Gerhart to date.  Except where otherwise specifically admitted herein, the allegations in ¶ 43 of Plaintiffs' Fourth Amended Complaint are denied.

44.     The allegations of ¶ 44 of Plaintiffs' Fourth Amended Complaint are denied.

**COUNT I**
**ACTION FOR DEPRIVATION OF CIVIL RIGHTS**
**(42 U.S.C. SECTION 1983)**

45.     In response to ¶ 45 of the Plaintiffs' Fourth Amended Complaint, these Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-44 *supra*.

46.     In response to ¶ 46 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that, where applicable, they are subject to and abided by any and all rules and regulations applicable to them.  Except where otherwise specifically admitted herein, the allegations in ¶ 46 of Plaintiffs' Fourth Amended Complaint are denied.

47.     The allegations of ¶ 47 of Plaintiffs' Fourth Amended Complaint are denied.

48.     The allegations of ¶ 48 of Plaintiffs' Fourth Amended Complaint are denied.

49.     In response to ¶ 49 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that appropriate policies, procedures and general orders were in place at the Rankin County Sheriff's Department to prevent the deprivation of any

individual's constitutional rights and/or freedoms, and that all policies, procedures and general orders applicable to the Rankin County Sheriff's Department where in accordance with then existing state and/or federal law. Except where otherwise specifically admitted herein, the allegations in ¶ 49 of Plaintiffs' Fourth Amended Complaint are denied.

50. In response to ¶ 50 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that appropriate policies, procedures and general orders were in place at the Rankin County Sheriff's Department to prevent the deprivation of any individual's constitutional rights and/or freedoms, and that all policies, procedures and general orders applicable to the Rankin County Sheriff's Department where in accordance with then existing state and/or federal law. Except where otherwise specifically admitted herein, the allegations in ¶ 50 of Plaintiffs' Fourth Amended Complaint are denied.

51. The allegations of ¶ 51 of Plaintiffs' Fourth Amended Complaint are denied.

## COUNT II
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

52. In response to ¶ 52 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-51 *supra*.

53. In response to ¶ 53 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that, where applicable, Rankin County, Mississippi is subject to and abided by any and all rules and regulations applicable to it. Except where otherwise specifically admitted herein, the allegations in ¶ 53 of Plaintiffs' Fourth Amended Complaint are denied.

54. In response to ¶ 54 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants admit that Sheriff Pennington was the duly elected Sheriff of Rankin

County, Mississippi in 2010, and that, where applicable, he was subject to and abided by any and all rules and regulations applicable to him. Except where otherwise specifically admitted herein, the allegations in ¶ 54 of Plaintiffs' Fourth Amended Complaint are denied.

55. The allegations of ¶ 55 of Plaintiffs' Fourth Amended Complaint are denied.

56. As the allegations of ¶ 56 of Plaintiffs' Fourth Amended Complaint do not pertain to the Rankin County Defendants, they are not required to admit or deny said allegations. To the extent that the allegations in Plaintiffs' Fourth Amended Complaint ¶ 56 do pertain or relate to these Defendants, same are denied.

57. The allegations of ¶ 57 of Plaintiffs' Fourth Amended Complaint are denied.

58. The allegations of ¶ 58 of Plaintiffs' Fourth Amended Complaint are denied.

**COUNT III**
**CIVIL CONSPIRACY**

59. In response to ¶ 59 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-58 *supra*.

60. The allegations of ¶ 60 of Plaintiffs' Fourth Amended Complaint are denied.

61. The allegations of ¶ 61 of Plaintiffs' Fourth Amended Complaint are denied.

**COUNT IV (misnumbered COUNT V)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

62. In response to ¶ 62 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-61 *supra*.

63. The allegations of ¶ 63 of Plaintiffs' Fourth Amended Complaint are denied.

64.     The allegations of ¶ 64 of Plaintiffs' Fourth Amended Complaint are denied.

**COUNT V (misnumbered COUNT VI)**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

65.     In response to ¶ 65 of Plaintiffs' Fourth Amended Complaint, the Rankin County Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-64 *supra*.

66.     The allegations of ¶ 66 of Plaintiffs' Fourth Amended Complaint are denied.

67.     The allegations of ¶ 67 of Plaintiffs' Fourth Amended Complaint are denied.

**PRAYER FOR RELIEF**

68.     The Rankin County Defendants deny any and all allegations in the last three unnumbered paragraphs of Plaintiffs' Fourth Amended Complaint, pages 22-23 of 24, the first of which begins with the phrase "**WHEREFORE, PREMISES CONSIDERED**." These Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever. These Defendants deny that Plaintiffs are entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiffs have no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case. Moreover, these Defendants would specifically deny that Plaintiffs are entitled to any joint and several liability instruction.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiffs' Fourth Amended Complaint, and having denied any and all liability herein, Defendants, Rankin

County, Mississippi, Sheriff Ronnie Pennington, in his official capacity, and Brett McAlpin, in his official and individual capacities, set forth the following Special Affirmative Matters:

## **FIRST AFFIRMATIVE DEFENSE**

Individual Defendant McAlpin is entitled to qualified immunity or absolute immunity from suit and/or liability herein. Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actors.

## **SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Fourth Amended Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, § 1985 and/or the MTCA, Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief can be granted against the Rankin County Defendants and should be dismissed with prejudice.

## **THIRD AFFIRMATIVE DEFENSE**

Rankin County is immune from punitive damages liability.

## **FOURTH AFFIRMATIVE DEFENSE**

At all times, the Rankin County Defendants acted in good faith reliance upon then existent law and are therefore entitled to immunity or a special good faith defense.

## **FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts," and / or MISS. CODE ANN.§ 11-46-11, and the three year statute of limitations pursuant to MISS. CODE ANN. § 15-1-49.

## SIXTH AFFIRMATIVE DEFENSE

At all times complained of, the Rankin County Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, and are not guilty of wrongful or tortious conduct.

## SEVENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants possess immunity to Plaintiffs herein and specifically assert all rights, defenses, privileges, and immunities available unto them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## EIGHTH AFFIRMATIVE DEFENSE

The Rankin County Defendants, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

## NINTH AFFIRMATIVE DEFENSE

Alternatively and to the extent, if any, Plaintiffs' Fourth Amended Complaint, with amendments, if any, purport to state a cause of action against the Rankin County Defendants based upon any state law theory, Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Fourth Amended Complaint, with amendments, if any, seeks any award or assessment of punitive damages against the Rankin County Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiffs' claim for punitive damages of, from or against Rankin County is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no loss or deprivation of any rights, privileges, or immunities afforded them by the United States Constitution or applicable federal or state law.

## TWELFTH AFFIRMATIVE DEFENSE

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiffs, if any, was not proximately caused by any official policy, practice or custom of Rankin County,

Mississippi and/or Sheriff Pennington. Plaintiffs' alleged losses, damages or deprivations were not the proximate result of the execution of any official governmental policy, custom or practice attributable to the Rankin County Defendants or to their employers.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants would show that the factual allegations of Plaintiffs' Fourth Amended Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, the Rankin County Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## FOURTEENTH AFFIRMATIVE DEFENSE

No action or inaction on the part of the Rankin County Defendants proximately caused any harm, loss or deprivation to Plaintiffs. At all times complained of, the Rankin County Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, the Rankin County Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiffs suffered no serious injury and their allegations do not arise to the level of a constitutional tort.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the requirements of the Mississippi Tort Reform Act and Mississippi Civil Justice Reform Act, as codified, and accordingly, this action must be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants complied with all applicable standards of care.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of comparative fault and Plaintiffs' recovery, if any, must be limited accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

## TWENTIETH AFFIRMATIVE DEFENSE

The Rankin County Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions, or those of other persons for whom the Rankin County Defendants are neither liable nor responsible.  Plaintiffs' recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, the Rankin County

Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint fails to specifically and/or appropriately plead that they are entitled to relief against some or all of the Rankin County Defendants, pursuant to FED. R. CIV. P. 8, and accordingly, the Fourth Amended Complaint should be dismissed.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to sovereign immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11-46-9.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to trial by jury on any state law claims against the Rankin County Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Rankin County Defendants affirmatively assert and invoke all defenses and rights available unto them as set forth in MISS. CODE ANN. § 85-5-7 and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Rankin County Defendants have no liability to the Plaintiffs herein pursuant to 42 U.S.C. § 1988 as Plaintiffs are not possessed of a cognizable claim pursuant to 42 U.S.C. §

1983.  These Defendants, however, are entitled to attorneys' fees herein, pursuant to 42 U.S.C. § 1988 or otherwise, as some or all of Plaintiffs' claims are unreasonable, groundless and in bad faith.  Defendants, further, are entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiffs herein.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The Rankin County Defendants hereby invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The Rankin County Defendants are not guilty of conduct amounting to deliberate indifference to the rights of the Plaintiffs.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the doctrines of res judicata and/or collateral estoppel, as the final judgment in favor of Defendants in the claim brought by Plaintiffs in the Circuit Court of Rankin County, Mississippi, cause number 22001, precludes the instant matter.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs have no standing to file suit on behalf of or "as next friend of" the alleged minors, and their claims are not brought by the proper party in interest.  Accordingly, any and all such claims should be dismissed with prejudice.

**NOTICE OF ADOPTION OF DISPOSITIVE MOTIONS**

In response to Plaintiffs' Fourth Amended Complaint, Rankin County, Mississippi, Sheriff Ronnie Pennington, in his official capacity, and Brett McAlpin, in his official and

individual capacities, hereby specifically adopt and re-allege any and all legal defenses and/or arguments in their [162] Motion for Partial Summary Judgment, [163] Memorandum of Authorities, [183] Reply Brief, [171] Motion for Summary Judgment, [172] Memorandum of Authorities, and [199] Reply Brief, as if fully set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Rankin County, Mississippi, Sheriff Ronnie Pennington, in his official capacity, and Brett McAlpin, in his official and individual capacities, deny that Plaintiffs are entitled to any relief whatsoever, and respectfully request Plaintiffs' Fourth Amended Complaint and this civil action be dismissed with prejudice, with all costs and attorneys' fees assessed against Plaintiffs pursuant to 42 U.S.C. § 1988, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 20th day of September, 2018.

> **RANKIN COUNTY, MISSISSIPPI, SHERIFF RONNIE PENNINGTON, IN HIS OFFICIAL CAPACITY, AND BRETT MCALPIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES – Defendants**
>
> **BY:**     _/s/  Jason E. Dare_____
>      **JASON E. DARE**

**OF COUNSEL**

J. Lawson Hester (MSB No. 2394)
lhester@pbhfirm.com
Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:    (601) 987-5300
Facsimile:      (601) 987-5353

## CERTIFICATE OF SERVICE

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true and correct copy of the pleading to all counsel of record, including the following:

Charles R. McRae, Esq. ([chuck@mcraelaw.net](mailto:chuck@mcraelaw.net))
CHUCK MCRAE LAW OFFICE
Jackson, Mississippi

Gary E. Friedman, Esq. ([friedmag@phelps.com](mailto:friedmag@phelps.com))
Gregory Todd Butler, Esq. ([butlert@phelps.com](mailto:butlert@phelps.com))
PHELPS DUNBAR, LLP - Jackson
Jackson, Mississippi

Justin L. Matheny, Esq. ([jmath@ago.state.ms.us](mailto:jmath@ago.state.ms.us))
Wilson D. Minor, Esq. ([wmino@ago.state.ms.us](mailto:wmino@ago.state.ms.us))
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
Jackson, Mississippi

**THIS,** the 20th day of September, 2018.


_/s/ Jason E. Dare_
**JASON E. DARE**