# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOSEPH GERHART et al**                                                                 **PLAINTIFFS**

**v.**                                                       **CAUSE NO. 3:11cv586-HTW-LRA**

**RANKIN COUNTY MISSISSIPPI, et al**                                                      **DEFENDANTS**
_____

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION TO STRIKE [260] FOURTH AMENDED COMPLAINT
_____

**NOW COME** Defendants, Rankin County, Mississippi, former-Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his individual and official capacities, (collectively "the Rankin County Defendants") by and through their counsel of record, and in support of their Motion to Strike Plaintiffs' [260] Fourth Amended Complaint, state as follows:

### I.  INTRODUCTION, PROCEDURAL HISTORY & STATEMENT OF FACTS

Plaintiffs, Joseph Gerhart and Amanda Jo Gerhart, filed their initial [1] Complaint on September 20, 2011, and alleged that they were filing suit individually and "as next friend of" Brett Michael Gerhart, Ian Michael Gerhart, and Sarah Robillard, all of whom they claimed to be minors. Brett Gerhart was not a minor when suit was filed, and Plaintiffs filed their [175] Motion for Leave to file an amended complaint on August 25, 2016, seeking leave to file the document they attached to their Motion as [175-1] Fourth Amended Complaint. *see* [175-1] *proposed Fourth Amended Complaint* (**Exhibit 1**). After hearings on October 21, 2016, and October 24, 2016, this Court entered its [205] Order on November 29, 2016, which granted Plaintiffs' [175] Motion for Leave.

On December 1, 2016, Plaintiffs filed their [206] Fourth Amended Complaint, which was substantially different than their [175-1] proposed Fourth Amended Complaint. Accordingly, the Rankin County Defendants filed their [209] Motion to Strike Plaintiffs' [206] Fourth Amended Complaint on December 13, 2016. Once the [209] Motion was fully briefed by the parties, this Court held hearings on the pleading on January 9, 2017, and then granted the [209] Motion to Strike in its [258] Order dated September 5, 2018. In its [258] Order, this Court specifically held as follows:

> IT IS, THEREFORE, ORDERED that the defendants' Motion to Strike [206] Fourth Amended Complaint **[Docket no. 209]** is hereby **GRANTED** and the Fourth Amended Complaint **[Docket no. 205]** is hereby **STRIKEN**.
>
> IT IS FURTHER ORDERED that plaintiffs may file their Originally Proposed Fourth Amended Complaint **[Docket no. 175-1]**, without modification, as a new amended complaint within five (5) days of the date of the entry of this order. If the plaintiffs fail to do so, then this court will proceed under the Third Amended Complaint as the operative complaint.

*Id.* (emphasis in original).

Plaintiffs filed their [260] Fourth Amended Complaint (**Exhibit 2**) on September 10, 2018. In doing so, Plaintiffs blatantly ignored this Court's directives in its [258] Order that the "plaintiffs may file their Originally Proposed Fourth Amended Complaint **[Docket no. 175-1]**, **without modification**," and its stern warning that "[i]f the plaintiffs fail to do so, then this court will proceed under the Third Amended Complaint as the operative complaint." [258] Order (emphasis added). Instead of filing the "Originally Proposed Fourth Amended Complaint **[Docket no. 175-1]**, **without modification**," a pleading that contained no exhibits, Plaintiffs filed as their [260] Fourth Amended Complaint a document containing forty-one (41) pages of exhibits. *Compare* [175-1] *proposed Fourth Amended Complaint*; [260] *Fourth Amended Complaint*. Accordingly, the Rankin County Defendants

2

respectfully request that this Court strike the [260] Fourth Amended Complaint and, pursuant to this Court's [258] Order, "proceed under the Third Amended Complaint."

## II. LEGAL PRECEDENT & ANALYSIS

A party must obtain leave of Court pursuant to FED. R. CIV. P. 15 prior to being able to file an amended pleading where, as here, the requirements under Rule 15(a)(1) are not applicable. *See Spence v. Nelson*, 533 Fed. Appx. 368, 370 (5th Cir. 2013) (citing *U.S. ex rel. Mathews v. HealthSouth Corp.,* 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."). Moreover, this Court's uniform local rules mandate that "[a] proposed amended pleading **must** be an exhibit to a motion for leave to file such pleading." *see* L.U. CIV. R. 15 (emphasis added); *Anderson v. Wells Fargo Bank, NA*, 2:15cv88-KS-MTP, 2016 WL 164321, at *2 (S.D. Miss. Jan. 13, 2016) (Motion for leave to amend properly denied where "a copy of the proposed Amended Complaint" was not provided to the Court).

The parties additionally have an affirmative duty to this Court to comply with the orders of the Court, even if the parties disagree with such order, provided that the Court order is "clear" and states "its terms specifically; and describe in reasonable detail ... the act or acts restrained or required...." , a court "need not anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792–93 (5th Cir. 2013) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n,* 228 F.3d 574, 578 (5th Cir. 2000); FED. R. CIV. P. 65(d)).

This Court authorized Plaintiffs to re-file their "Originally Proposed Fourth Amended Complaint **[Docket no. 175-1]**, **<u>without modification</u>**," with their failure to do so resulting in this Court proceeding "under the Third Amended Complaint as the operative complaint." [258] Order (emphasis added). Plaintiffs' [260] Fourth Amended Complaint modifies the [175-1] Originally Proposed Fourth Amended Complaint by adding 41 pages of exhibits to same, and accordingly, the [260] Fourth Amended Complaint and the parties should hereinafter proceed "under the Third Amended Complaint as the operative complaint."

## III. CONCLUSION

Plaintiffs did not obtain leave of this Court to file their [260] Fourth Amended Complaint and their [260] Fourth Amended Complaint modifies their [175-1] Originally Proposed Fourth Amended Complaint by adding 41 pages of exhibits to same, in violation of this Court's [258] Order. Accordingly, Rankin County, Mississippi, former-Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his individual and official capacities, pray that this Court strike Plaintiffs' [260] Fourth Amended Complaint and proceed hereinafter under the Third Amended Complaint as the operative complaint.

**RESPECTFULLY SUBMITTED,** this 20th day of September, 2018.

**RANKIN COUNTY, MISSISSIPPI, SHERIFF RONNIE PENNINGTON, IN HIS OFFICIAL CAPACITY, AND DEPUTY BRETT MCALPIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES - DEFENDANTS**

**BY:** _/s/ Jason E. Dare_
**JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
J. Lawson Hester (MSB No. 2394)
lhester@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:	(601) 987-5300
Facsimile:	(601) 987-5353

**CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true and correct copy of the pleading to all counsel of record, including the following:

Charles R. McRae, Esq. (chuck@mcraelaw.net)
CHUCK MCRAE LAW OFFICE
Jackson, Mississippi

Gary E. Friedman, Esq. (friedmag@phelps.com)
Gregory Todd Butler, Esq. (butlert@phelps.com)
PHELPS DUNBAR, LLP - Jackson
Jackson, Mississippi

Justin L. Matheny, Esq. (jmath@ago.state.ms.us)
Wilson D. Minor, Esq. (wmino@ago.state.ms.us)
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
Jackson, Mississippi

**THIS,** the 20th day of September, 2018.

		 */s/ Jason E. Dare*
		**JASON E. DARE**