# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOSEPH GERHART et al**                                                                                                 **PLAINTIFFS**

**v.**                                                           **CAUSE NO. 3:11cv586-HTW-LRA**

**RANKIN COUNTY MISSISSIPPI, et al**                                                    **DEFENDANTS**
___

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## RENEWED MOTION FOR SUMMARY JUDGMENT
___

**NOW COME** Defendants, Rankin County, Mississippi, former-Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his individual and official capacities, (collectively "the Rankin County Defendants") by and through their counsel of record, and in support of their Renewed Motion for Summary Judgment, state as follows:

    I.    **INTRODUCTION, PROCEDURAL HISTORY & STATEMENT OF FACTS**

Plaintiffs, Joseph Gerhart and Amanda Jo Gerhart, Individually, and as Next Friend of Brett Michael Gerhart, Ian Michael Gerhart, and Sarah Robillard, Minors, filed their Complaint with this Court on September 20, 2011, but filed an Amended Complaint on November 17, 2011, prior to having summons issued.[1] *See* [171-1] *Complaint*; [171-2] *Amended Complaint*. In their Amended Complaint, Plaintiffs sued Rankin County, Mississippi, the Rankin County Sheriff's Department, Sheriff Pennington, in his official and individual capacities, and Brett McAlpin, in official and individual capacities, as the Rankin County Defendants. Plaintiffs also named the City of Pearl, Mississippi, Pearl Police Chief

---

[1] Prior to filing suit, only Joseph Gerhart submitted a pre-suit notice to the Board of Supervisors of Rankin County, Mississippi on or around May 9, 2011. [162-6] *Notice*.

Ben Schuler, Pearl Officer Jamie Scouten, and Rankin County D.A. Investigator Farris Thompson.

On February 21, 2012, Plaintiffs filed their Second Amended Complaint and revised the list of Defendants to Sheriff Pennington, in his official capacity only, and added Pearl Officer Johnny Barnes, in his official and individual capacities. [171-3] *Second Amended Complaint*. Rankin County D.A. Investigator Farris Thompson and the Rankin County Sheriff's Department were dropped as named Defendants from the litigation. On May 31, 2012, Plaintiffs filed their Third Amended Complaint and, in addition to the Defendants in the Second Amended Complaint, named Mississippi Bureau of Narcotics ("MBN") agents Brad McClendon and Leigh Cochran. [171-4] *Third Amended Complaint*. Defendant Cochran has been dismissed from this litigation with prejudice pursuant to this Court's [122] Order.

Joseph and Amanda Jo Gerhart are the natural parents of Brett Gerhart, who was born in October of 1988. *see* [162-7] *Brett Gerhart Deposition*, pg. 13; [162-8] *Interrogatory Responses*, pg. 3. Accordingly, Brett Gerhart was 21 years old when the incident at issue in Plaintiffs' Complaint occurred on June 7, 2010 and was 22 years old when suit was filed on September 20, 2011. Ian Gerhart is currently 25 years old.

The Rankin County Defendants filed their [162] Motion for Partial Summary Judgment on July 29, 2016 and filed their [171] Motion for Summary Judgment on August 23, 2016. After these pleadings were fully briefed, this Court entered its [234] Order Regarding Various Motions for Summary Judgment on March 31, 2017, in which the Court held as follows:

> Accordingly, for the reasons announced to the parties in the oral arguments held by this court on October 24, 2016, this court DISMISSED the following Rankin County Defendants: Rankin County, Mississippi; the Rankin County Sheriff's Office; Sheriff Ronnie Pennington in his official capacity as the

former sheriff of Rankin County, Mississippi; and Deputy Brett McAlpin in his official capacity. Furthermore, this court found the Plaintiffs may proceed on their claims against Deputy Brett McAlpin in his individual capacity for: Fifth Amendment violations under 42 U.S.C. § 1983 for unlawful entry; Excessive Force violations under 42 U.S.C. § 1983; and Reckless Infliction of Emotional Distress.

[234] Order, pg. 2. This Order was appealed to the Fifth Circuit Court of Appeals, which affirmed this Court's denial of Plaintiffs' § 1983 claims for excessive force and unlawful entry brought as Fourth Amendment violations against Defendant Brett McAlpin, in his individual capacity, but reversed this Court's denial of summary judgment as to the reckless infliction of emotional distress claim. *See Gerhart v. Barnes*, 724 F. App'x 316 (5th Cir. 2018). Premised on this Court's [234] Order and the Fifth Circuit's decision in *Gerhart v. Barnes*, all claims against Rankin County, Ronnie Pennington, in his official capacity, and Brett McAlpin, in his official capacity, were dismissed with prejudice. Moreover, all claims against Brett McAlpin, in his individual capacity, were dismissed with prejudice except Plaintiffs' federal § 1983 claims for excessive force and unlawful entry.

On January 2, 2017, the Rankin County Defendants filed their [223] Supplemental Motion for Summary Judgment relating to a statute of limitations issue as claims by Brett Gerhart in his now stricken [206] Fourth Amended Complaint. The Court denied the [223] Supplemental Motion for Summary Judgment in its [259] Order dated September 5, 2018.

On September 10, 2018, Plaintiffs filed their [260] Fourth Amended Complaint seeking claims for relief against all Rankin County Defendants that were disposed of by way of this Court's [234] Order and the Fifth Circuit *Gerhart v. Barnes* opinion, as well as the two federal claims that remained against McAlpin, in his individual capacity. While the Rankin County Defendants are cognizant of this Court's prior rulings, they re-urge all relief requested in their [162] Motion for Partial Summary Judgment, [163] Memorandum of

3

Authorities, [171] Motion for Summary Judgment, [172] Memorandum of Authorities, [223] Supplemental Motion for Summary Judgment, and [224] Memorandum of Authorities in order to preserve the arguments therein. Accordingly, the Rankin County Defendants incorporate herein all legal analysis and arguments, as well as exhibits, to each of the foregoing pleadings.

II. **LEGAL PRECEDENT & ANALYSIS**

A. **Previously Dismissed Claims**

By way of this Court's [234] Order, all claims summary judgment was granted to Rankin County, Ronnie Pennington, in his official capacity, and Brett McAlpin, in his individual and official capacities, as to all claims except Plaintiffs' claims for "Fifth Amendment violations under 42 U.S.C. § 1983 for unlawful entry; Excessive Force violations under 42 U.S.C. § 1983; and Reckless Infliction of Emotional Distress" against Brett McAlpin, in his individual capacity. *Id.* McAlpin, in his individual capacity, appealed the denial of summary judgment as to the remaining federal and state law claims, and the Fifth Circuit affirmed in part and reversed in part, reversing and rendering on Plaintiffs' state law claim. *Gerhart*, 724 F. App'x at 328 ("we AFFIRM the district court's denial of summary judgment on qualified-immunity grounds as to the unlawful-entry claim; DISMISS for lack of jurisdiction the interlocutory appeal from the denial of summary judgment on qualified immunity for the excessive-force claim; and REVERSE the denial of summary judgment on the Mississippi tort claim and RENDER judgment on that claim.").

For the reasons stated in this Court's [234] Order and premised on the application of the "mandate rule," the Rankin County Defendants respectfully request that this Court grant them summary judgment as to all claims against Rankin County, Ronnie Pennington,

in his official capacity, and Brett McAlpin, in his individual and official capacities, except Plaintiffs' claims for "Fifth Amendment violations under 42 U.S.C. § 1983 for unlawful entry and Excessive Force violations under 42 U.S.C. § 1983" against Brett McAlpin, in his individual capacity, only.

### B. **Remaining Claims against Brett McAlpin, in his Individual Capacity**.

Brett McAlpin, in his individual capacity, renews herein all arguments made in his [162] Motion for Partial Summary Judgment, [163] Memorandum of Authorities, [171] Motion for Summary Judgment, [172] Memorandum of Authorities, [223] Supplemental Motion for Summary Judgment, and [224] Memorandum of Authorities. This is done solely as a result of Plaintiffs filing their [260] Fourth Amended Complaint and so that the defenses, arguments and issues therein are preserved for trial and for appellant purposes. In the interest of judicial economy, this Defendant does not restate all facts, legal precedent and analysis alleged in the prior dispositive motions, but instead, incorporates herein by reference any and all facts, exhibits, arguments, legal precedent and analysis in his [162] Motion for Partial Summary Judgment, [163] Memorandum of Authorities, [171] Motion for Summary Judgment, [172] Memorandum of Authorities, [223] Supplemental Motion for Summary Judgment, and [224] Memorandum of Authorities, and respectfully requests that this Court grant summary judgment to him on Plaintiffs' federal § 1983 unlawful entry and excessive force claims on the basis of qualified immunity, standing,[2] statute of limitations, and any and all other grounds contained in the aforementioned pleadings.

---

[2] In his [162] Motion for Partial Summary Judgment and [163] Memorandum of Authorities, McAlpin asserted that Joseph Gerhart and Amanda Jo Gerhart lacked standing to commence this litigation on behalf of Brett Gerhart, as he was 22 years old when suit was filed. *See Lujan v.*

5

III. **CONCLUSION**

For the above-mentioned reasons, Rankin County, Mississippi, former-Sheriff Ronnie Pennington, in his official capacity, and Deputy Brett McAlpin, in his individual and official capacities, are entitled to judgment as a matter of law and respectfully request that this Court dismiss any and all claims against them with prejudice.

**RESPECTFULLY SUBMITTED,** this 20th day of September, 2018.

**RANKIN COUNTY, MISSISSIPPI, SHERIFF RONNIE PENNINGTON, IN HIS OFFICIAL CAPACITY, AND DEPUTY BRETT MCALPIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES - DEFENDANTS**

**BY:** _/s/ Jason E. Dare_
**JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
J. Lawson Hester (MSB No. 2394)
lhester@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

---

*Defenders of Wildlife*, 504 U.S. 555, 571 (1992) ("standing is to be determined as of the commencement of suit."). This Court has not ruled on the standing issue to date.

## **CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true and correct copy of the pleading to all counsel of record, including the following:

Charles R. McRae, Esq. (chuck@mcraelaw.net)
CHUCK MCRAE LAW OFFICE
Jackson, Mississippi

Gary E. Friedman, Esq. (friedmag@phelps.com)
Gregory Todd Butler, Esq. (butlert@phelps.com)
PHELPS DUNBAR, LLP - Jackson
Jackson, Mississippi

Justin L. Matheny, Esq. (jmath@ago.state.ms.us)
Wilson D. Minor, Esq. (wmino@ago.state.ms.us)
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
Jackson, Mississippi

**THIS,** the 20th day of September, 2018.

　　　　　　　　　　　　　　　　　　*/s/ Jason E. Dare*
　　　　　　　　　　　　　　　　　　**JASON E. DARE**