IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH GERHART, *et al.*                                                      PLAINTIFFS

vs.                                           CIVIL ACTION NO.: 3:11-CV-586-HTW-LRA

RANKIN COUNTY, *et al.*                                                      DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE

BEFORE THIS COURT is the defendants' Motion in Limine **[Docket no. 215]**. Plaintiffs oppose said motion. This court finds, for the reasons set forth below, that defendants' motion is well-taken and should be granted.

Defendants ask, by their motion, that this court exclude two items of evidence: a confidential informant's (hereinafter referred to as "CI") audio and video recording; and an internal affairs investigative report drafted by Sergeant Archie Bennett[1] (hereinafter referred to as "Sgt. Bennett") of the Pearl, Mississippi, Police Department (hereinafter referred to as "Pearl PD").

### I.    CI AUDIO-VIDEO RECORDING

Defendants say that the CI audio-video recording should be excluded because it is inadmissible hearsay and more prejudicial than probative. Plaintiffs disagree with defendants' hearsay argument stating that Rule 803 of the Federal Rules of Evidence allows the introduction of said recordings. Plaintiffs, however, do not answer defendants' argument that the CI audio-video recording is more prejudicial than probative.

Defendants seek to exclude a statement contained in an audio-video recording made during the course of a buy-bust operation wherein a CI carried a purse containing a camera. The CI

---

[1] Sgt. Bennett is not and never was a party to this litigation although he is an employee of the City of Pearl, Mississippi's Police Department – the Pearl Police Department was originally named as a defendant in this lawsuit but is no longer a defendant having been dismissed on May 31, 2012.

1

attempted to purchase some illicit narcotics and the seller tried forcing her to use some of the narcotics while in the home. The CI refused and noticed some weapons in the house and gave the "trouble" signal to the team of law enforcement agents outside of the residence. As a result of that signal, the law enforcement team breached the home where the CI was, with the exception of three agents: Officer Johnny Barnes of the Pearl Police Department; Deputy Brett McAlpin of the Rankin County, Mississippi, Sheriff's Office; and Agent Brad McClendon of the Mississippi Bureau of Narcotics. Barnes, McAlpin and McClendon went to the wrong house – the Gerhart home – several doors down from the target residence and made entry to the home, giving rise to this lawsuit. After they realized their error, they left the Gerhart's home and one of the officers, (plaintiffs claim McAlpin) supposedly made the statement – captured on the CI's audio recorder – that defendants now seek to exclude. The statement, found at [Docket no. 215-1, filed conventionally] of the recording, is allegedly heard to say: "you're going to sure enough have to take care of that". This court says "allegedly", because the alleged statement is not clear to all listeners.

> Rule 801 of the Federal Rules of Evidence defines hearsay:
>
> (a) Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
> (b) Declarant. "Declarant" means the person who made the statement.
> (c) Hearsay. "Hearsay" means a statement that:
> > (1) the declarant does not make while testifying at the current trial or hearing; and
> > (2) a party offers in evidence to prove the truth of the matter asserted in the statement.
> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
> > (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> > > (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
> > > (B) is consistent with the declarant's testimony and is offered:

> > > (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
> > > (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or
> > (C) identifies a person as someone the declarant perceived earlier.
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
> > (A) was made by the party in an individual or representative capacity;
> > (B) is one the party manifested that it adopted or believed to be true;
> > (C) was made by a person whom the party authorized to make a statement on the subject;
> > (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
> 
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Fed. R. Evid. 801.

The general hearsay exclusionary rule is subject to various exceptions contained within the Federal Rules of Evidence. Rule 803 provides multiple exceptions regardless of the availability of the witness. This court will not address all exceptions contained within Rule 803 because plaintiffs have argued that the audio taped statement satisfies at least one of three exceptions: a present sense impression; an excited utterance; and/or a record of a regularly conducted activity.[2]

---

[2] The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.
> 
> (2) Excited Utterance. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused. […]
> 
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> > (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> > (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> > (C) making the record was a regular practice of that activity;

### A. *Present Sense Impression*

Plaintiffs cite no case authority to support the proposition that a hidden camera video/audio recording made by a confidential informant during a buy-bust operation is a present sense impression. A present sense impression, as defined by Rule 803(1) involves a two (2) part inquiry by this court: does the statement describe or explain a startling event or condition; and was the statement made while or immediately after the declarant perceived it.

Neither party disputes that the statement relates to an event where law enforcement entered the wrong house during an emergent situation; but, the statement does not "explain the event." The statement, instead, appears to be the contemplation of some desired future event, a contemplation borne of a measure of reflection occurring after the breach of the house.

Plaintiffs, though, argue that the recording was made contemporaneous or immediately after the event in question. Plaintiffs rely upon the recording itself as the basis for its admissibility, having failed to provide a human sponsor.

Defendants point to the absence of testimony or evidence produced during discovery that would indicate who the declarant was. This court must be cautious in allowing a statement in as a present sense impression where the declarant is unidentified. *See Miller v. Crown Amusements, Inc.*, 821 F.Supp. 703 (S.D. Ga. June 23, 2008) (Citing Fed. R. Evid. 803(1), Advisory Committee's Note[3]); *See also Navarette v. California*, 572 U.S. 393, 408, 134 S. Ct. 1683, 1694,

---

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803

[3] "Proof of declarant's perception by his statement presents similar considerations when declarant is identified. *People v. Poland*, 22 Ill.2d 175, 174 N.E.2d 804 (1961). However, when declarant is an unidentified bystander, the cases indicate hesitancy in upholding the statement alone as sufficient, *Garrett v. Howden*, 73 N.M. 307, 387 P.2d 874 (1963); *Beck v. Dye*, 200 Wash. 1, 92 P.2d 1113 (1939), a result which would under appropriate circumstances be consistent with the rule."

188 L. Ed. 2d 680 (2014) (Quoting 2 McCormick 368, 372) ("A leading treatise reports that 'the courts have been reluctant to admit such statements, principally because of uncertainty that foundational requirements, including the impact of the event on the declarant, have been satisfied.'").

Plaintiffs herein, at present, ask this court to surmise who the declarant might be. This court is aware that the exceptions under Rule 803 do not require the declarant to be available before the admission of the statement. Still, this court is not comfortable with an anonymous declarant who may not be able to lay a competent foundation for the recording's admissibility. Further, this court does not know "who" in the statement is the subject of the nebulous wishful involvement.

This court is not prepared to ignore the requirement of trustworthiness underlying the hearsay exceptions of the Federal Rules of Evidence. The plaintiffs have not presented any competent evidence to this court answering the above questions. Plaintiffs' conjecture alone of the potential answers is not enough for this court. Accordingly, this court grants defendants' hearsay objection.

### B. Excited Utterance

Plaintiffs further claim that the audio-video recording qualifies as an excited utterance under Rule 803 of the Federal Rules of Evidence. An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused."

Plaintiffs again provide this court with no case authority to support their contention. In reviewing the audio tape, this court finds that the timber and tone of the recorded voice indicates that the declarant may have been under the "stress of excitement" caused by a "startling event".

---

Fed. R. Evid. 803, Advisory Cmte. Note.

The same concerns which plague the "present sense impression" exception, also apply here about the unidentified declarant. Again, this court is not willing to allow this statement to be introduced to the jury without first laying a foundation with an appropriate witness. Based on the submissions of the plaintiffs, this court finds that plaintiffs have no competent evidence of the identity of the declarant, only mere conjecture.

This court, accordingly, finds that the CI audio-video recording does not qualify as an excited utterance.

### C. Record of Regularly Conducted Activity

Plaintiffs also contend that the CI audio-video recording qualifies as a record of a regularly conduced activity. Rule 803(6) lists the very specific requirements for the exception to apply:

> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803.

Plaintiffs here have not shown any of the above preconditions apply to defendants' challenge. Accordingly, this court is not persuaded that the CI audio-video recording qualifies as a record of a regularly conducted activity.

### D. Rule 403

Defendants say that the CI audio-video recording is more prejudicial than probative and this court should exclude the recording under Rule 403 of the Federal Rules of Evidence. According to defendants, this court already has dismissed plaintiffs' civil conspiracy claims and, thus, the statement that "you're going to sure enough have to take care of that" on the CI audio-video has no probative value.

This court is persuaded that Rule 403 bars the introduction of the CI audio-video recording. The statement in the recording, without neither explanation nor sponsor, simply leaves too much for speculation and undue prejudice.

## II. SGT. BENNETT REPORT

Defendants seek to exclude the internal affairs investigative report drafted by Sgt. Bennett. In his report, Sgt. Bennett concludes, after he had conducted an investigation, that the reason for defendants' entry into the Gerhart residence "was the inattention of the Officers and not paying attention to radio traffic." [Docket no. 215-2]. Defendants say that this report constitutes expert witness testimony as defined by Rule 702[4] of the Federal Rules of Evidence. Defendants rely upon *Graves ex rel. W.A.G. v. Toyota Motor Corp.,* 2011 WL 4590772, at *9 (S.D. Miss. Sept. 30, 2011) and *Duhon v. Marceaux*, 33 Fed. Appx. 703 (5th Cir. 2002) for support.

---

[4] A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.
Red. R. Evid. 702

7

According to defendants, Sgt. Bennett's report is an expert report that plaintiffs were required to disclose under Rule 26(a)(2)(c) and (d)[5]. Moreover, say defendants, this court's local rules mandate that plaintiffs should have disclosed said expert testimony.

> (D) A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

L.U. CIV. R. 26(a)(2)(D). Therefore, says defendants, this court should use its authority under Rule 37[6] of the Federal Rules of Civil Procedure and exclude Sgt. Bennett's report.

---

[5] (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
    (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
    (ii) a summary of the facts and opinions to which the witness is expected to testify.
(D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
    (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
    (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.
Fed. R. Civ. P. 26

[6] (b) Failure to Comply with a Court Order.[…]
    (2) Sanctions Sought in the District Where the Action Is Pending.
        (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
            (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
            (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
            (iii) striking pleadings in whole or in part;
            (iv) staying further proceedings until the order is obeyed;
            (v) dismissing the action or proceeding in whole or in part;
            (vi) rendering a default judgment against the disobedient party; or
            (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. […]
(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

Plaintiffs, contrariwise, respond that Sgt. Bennett's report is admissible as opinion testimony by a lay witness under Rule 701[7] of the Federal Rules of Evidence. Plaintiffs rely upon the advisory committee notes to Rule 701[8] for support.

Expert testimony is that testimony which is based upon scientific, technical or other specialized knowledge that will assist the trier of fact to determine a fact issue. *See Graves ex rel. v. Toyota Motor Corp.* 2011 WL 4590772, at *3 (S.D. Miss. Sept. 30, 2011). Defendants say that Sgt. Bennett's report contains such testimony, and because it does so, plaintiffs were required to designate Sgt. Bennett as an expert witness. For support, defendants cite *Graves* and *Duhon v. Marceaux*, 33 Fed. App'x 703 (5th Cir. 2002). Defendants are mistaken that *Graves* and *Duhon* support the proposition that an officer may never testify as a lay witness. The facts of both *Graves* and *Duhon* are similar – an officer in both cases was called to testify about the cause of a motor vehicle collision where neither officer was trained as an accident reconstructionist. This court can

---

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
    (B) may inform the jury of the party's failure; and
    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37

[7] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
    (a) rationally based on the witness's perception;
    (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701

[8] For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.

Adv. Cmte. Notes Fed. R. Evid. 701

appreciate multiple situations where a law enforcement officer may testify as a lay witness, for some examples: the officer's testimony about what happened when he witnesses a crime; officer's testimony about the execution of a search warrant; and officer's testimony about his or her own involvement in a chase and apprehension of a suspect. Clearly, none of these circumstances would require scientific, specialized, or technical knowledge.

Plaintiffs respond to defendants' assertions, arguing that Sgt. Bennett's report is admissible as lay opinion testimony and, therefore, plaintiffs were not required to designate Sgt. Bennett as an expert witness. This court disagrees with plaintiffs.

Sgt. Bennett's report is an expert opinion. Sgt. Bennett was required to utilize scientific, technical, or other specialized knowledge to reach the conclusion that he reached. Neither of the parties has offered Sgt. Bennett as an expert witness, nor has either expounded upon Sgt. Bennett's qualifications as an internal affairs investigator. This court is not prepared to allow Sgt. Bennett's report to be introduced to the jury without first designating and qualifying him as an expert. The time for expert designations in this lawsuit, however, has long since expired.

Defendants also say – almost as an afterthought – that Sgt. Bennett's report is inadmissible hearsay. Plaintiffs respond that the report is admissible under the public records exception to the hearsay rule.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801. Hearsay is excluded unless it falls under one of the exceptions to the hearsay rule. Fed. R. Evid. 802. The public records exception to the hearsay rule provides:

> (8) Public Records. A record or statement of a public office if:
>    (A) it sets out:
>       (i) the office's activities;
>       (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803.

The statement in question here is a report of an internal affairs investigation conducted by Sgt. Bennett. The report falls outside of Fed. R. Evid. 803(8)(A)(iii). Sgt. Bennett's report does not elaborate upon several important features that might alleviate this court's concern about trustworthiness: although Sgt. Bennett states that he spoke to four of the officers from the team of surveillance officers, Sgt. Bennett fails to indicate what each individual officer told Sgt. Bennet; whether Sgt. Bennett discounted the testimony of one or more of the officers is unknown; and there is no indication that the Pearl Police Department adopted Sgt. Bennett's statement. Plaintiffs may call all four persons involved in this report at the jury trial to testify about the matters contained therein, but the report itself may not be admitted under the public record exception to the hearsay rule. *See* Fed. R. Evid. 803(8)(B); *See also McQuaig v. McCoy*, 806 F.d 1298, 1302 (5th Cir. 1987) (finding that the factual findings of an internal affair investigative report may be admitted, but the conclusions of the investigator contained therein must be excluded).

Accordingly, this court finds that Sgt. Bennett's report may not be admitted as a public records exception to the hearsay rule.

**IT IS, THEREFORE, ORDERED that defendants' Motion in Limine [Docket no. 215] is hereby GRANTED.**

**SO ORDERED this the 29th day of September, 2018.**

                                s/ HENRY T. WINGATE
                                **UNITED STATES DISTRICT COURT JUDGE**