# PROFESSIONAL GUIDE FOR ATTORNEYS AND PHYSICIANS
## of The Mississippi Bar and the Mississippi State Medical Association

## PREAMBLE

Realizing that a substantial part of the practice of law and medicine is concerned with the problems of persons who are in need of the combined services of an attorney and a physician and that individual problems in these circumstances are best served by the cooperative efforts of all concerned, we, the members of The Mississippi Bar and the Mississippi State Medical Association, do adopt the following Guide as the standard of proper conduct of physicians and attorneys.

This Guide recognizes that with the growing inter-relationship of medicine and law, it is inevitable that physicians and attorneys will be drawn into steadily increasing association. However, this Guide is not necessarily a binding character, nor can it be so detailed as to cover every circumstance. The Guide is not intended to supersede or transcend the rule of law and standards of legal and medical ethics governing each of the professions individually, but is intended as a guide to physicians and attorneys in service to their patients and clients.

## ARTICLE I - MEDICAL REPORTS

### Section 1. General
Since the vast majority of personal injury cases are settled out of court on the basis of medical reports, such reports should be comprehensive. It is the physician's responsibility to comply as fully and promptly as possible with the request for a medical report. Undue delay in providing medical reports bearing upon a patient's legal rights may prejudice his case. If, upon receiving a request from an attorney for a medical report, a physician is unable to make a complete medical evaluation, he should notify the attorney. In this event, a preliminary report clearly designated as such may serve the patient's needs until a complete evaluation can be made.

### Section 2. Contents of Report
The physician's report may include a complete medical history, clinical findings, test results, diagnosis, treatment and prognosis, if possible. See Annex "A" for suggested areas of response.

### Section 3. The Attending Physician
**A. Records:** The medical reports of a patient, especially when the latter has been injured in an accident, may be used in a lawsuit to support or rebut the physician's

testimony as a witness; therefore, complete and accurate records should be maintained at all times.

**B. Request for Report:** When a medical report is desired by an attorney, he shall submit a written request therefore to the attending physician accompanied by a signed authorization (See Annex "B" for suggested form) from the patient-client for the release of the information. The request should state the reason(s) the information is needed and shall be sufficiently specific to insure that the physician gives the desired information. The request may be in the form set forth in Annex "A" hereto.

**C. Physician's Report:** The physician has the obligation to cooperate with this patient's attorney and he should forthwith complete and forward the requested report, substantially in the form set forth in Annex "A" hereto. The report should be clear and concise and should contain specific responses to specific inquiries, as well as any other information the physician may consider pertinent and necessary to the attorney's proper evaluation of his client's case.

The patient's attorney shall be entitled, upon proper authorization, to the report whether a third party or agency is made responsible for medical care and compensation, or whether an insurance carrier or third party has contracted to assume financial responsibility.

**Section 4. The Examining Physician**
**A. General:** The "examining physician" differs from the "attending physician" since he does not prescribe treatment and is not necessarily expected to testify at the trial. His examination is normally made at the request of the attorney for one or both of the parties. Professional courtesy indicates that an attorney should notify the attending physician when arranging for an examination of such physician's patient by another physician, and should furnish authorization for the examining physician to make his findings available to the attending physician. Otherwise, the examining physician should not furnish such information to the attending physician.

**B. Request for Examination and Report:** Where an examination is desired, a written request should be sent to the physician, by the attorney asking for the examination and stating the nature of the examination wanted. Specific information should be requested.

**C. Appointments:** When an appointment is made for the medical examination of the client, the physician should schedule a portion of his time for that purpose. Therefore, it is imperative that attorneys exert their best efforts to insure that such appointment is kept or that the physician is notified well in advance if the appointment is to be

cancelled.

**D. Report of Examination:** The examining physician's report should be sent promptly to the attorney requesting the examination. It should not be sent to adversary counsel, except upon authorization of the attorney requesting the examination, or by order of the court. The report should be clear, concise and responsive to the elements enumerated in the attorney's request.

**E. Records:** The examining physician should prepare, keep and preserve full and complete records of his examinations and diagnostic findings.

## ARTICLE II - CONFERENCES

### Section 1. General
Professional courtesy to the physician and duty to the client demands that the attorney confer at appropriate stages with the physician and similar considerations demand that the physician recognize the necessity for one or more conferences and make himself available at a mutually convenient time. The physician and the attorney are burdened with a heavy schedule of daily activities and neither should make unreasonable demands upon the other, but should yield to the dictates of ordinary civilities and strive to adjust their schedules in such a manner as to produce minimum inconvenience. Absent an unforeseen emergency, it is an act of discourtesy for either to keep the other waiting for an appointment, conference, deposition or any other meeting.

### Section 2. Pre-deposition and Pre-trial Conferences
It is the duty of each profession's members to present fairly and adequately the medical issues involved in legal controversies. To that end, pre-deposition and pre-trial discussions between the physician and the attorney should be arranged in order that they may have a full and frank discussion of the pertinent medical and legal issues. It is grossly unfair to the physician, the attorney and the patient-client to undertake to offer medical testimony without the advantage of such discussions.

## ARTICLE III - THE PHYSICIAN AS A WITNESS

### Section 1. Testimony by Deposition
**A. Deposition Defined:** A deposition is an official proceeding authorized by law whereby a person, such as a physician, may be required to give testimony and be cross-examined under oath outside of court, before a court reporter or Notary Public and in the presence of attorneys representing the parties. He may be required to produce relevant medical records at the deposition. He may also be required to release

records, X-rays, EKGs, EEGs, etc. to the reporter or Notary for duplication and subsequent return to him.

**B. Time and Place:** The time and place of the deposition should be fixed by agreement. Unless there is a compelling reason to the contrary, it should be taken at the physician's office. The attorney should present himself promptly and the physician should be available at the agreed time. If the appointment for the deposition is cancelled by the attorney for any reason he should so advise the physician as soon as possible.

**C. Subpoenas:** Because of circumstances in a particular case or jurisdiction, or because of the necessity for protecting the interest of his client, the attorney may find it necessary to subpoena the physician as a witness.

**D. Subpoenas - Medical Records:** Production of relevant medical records may also be required by subpoena duces tecum served on the physician or the custodian of his records. If so, the records must not be delivered or disclosed to the process server. The subpoena may require the person served to attend the deposition at the time and place stated in the subpoena, and to produce the specified records or it may simply require the production of the specified records. It is improper for a process server to obtain possession of subpoenaed records. It is also improper for a process server to state that it will not be necessary for the physician to attend the hearing described in the subpoena if the medical records are surrendered for copying or delivery to any person.

**E. If Attendance at Deposition Constitutes a Hardship:** If the time and place described in the subpoena for the deposition hearing creates a hardship, the physician should immediately bring this fact to the attention of the attorney requesting the deposition.

## Section 2. The Physician in Court

**A. Duty to Testify:** Because of circumstances in a particular case or jurisdiction or because of the necessity for protecting himself or his client, the attorney is sometimes required to subpoena the physician as a witness. Although the physician should not take offense at being subpoenaed, the attorney should not cause the subpoena to be issued without prior notification of the physician. The duty of the physician is the same as that of any other person to respond to judicial process. Nonetheless, it is incumbent upon attorneys to recognize that court appearances deprive the physician of valuable and sorely-needed time. Moreover, there are many cases of personal injury where the injuries are within the common knowledge of the layman (e.g., simple fractures, where there is no residual disability) and the appearance of the physician

serves no useful purpose. However, in cases involving serious injury, complicated procedures or permanent disability, the personal appearance of the physician is either desirable, essential, or both. Attorney and physicians are enjoined to approach this problem on a mutually fair basis and to arrive at an understanding which will facilitate justice, which is the historic object of all court procedures.

**B. Subpoenas for Trial:** Attorneys subpoena medical witnesses because:
   1. it may be desirable in a particular case for the physician to appear and testify in person, if asked, pursuant to a subpoena; or
   2. it may be essential in order to secure a continuance if for any reason the physician fails to appear as required.

**C. Arrangements for Court Appearances:** In arranging for the attendance of a physician at a trial, the attorney should always give due regard and consideration to the professional demands upon the physician's time. Accordingly, it is the duty and responsibility of the attorney before the trial:
   1. to furnish the physician reasonable notice in advance of intention to call him as a witness;
   2. to arrange for the physician's voluntary attendance or to advise him of intention to have a subpoena issued, if either the physician or attorney deems it necessary or desirable;
   3. to advise the physician of the date, approximate time and place of his appearance and any changes related thereto; and
   4. to advise the physician to bring with him such records needed for proper presentation.

During the trial, the attorney is obligated, as a matter of courtesy:
   5. to call the physician after the trial has started, and thereafter, as the trial progresses, and give him a best estimate of the approximate time he will take the witness stand, or promptly advise the physician if his presence is not required; and
   6. to call the physician to the witness stand as promptly as possible after his arrival at the courthouse.

## ARTICLE IV - COMPENSATION OF PHYSICIAN
### Section 1. General
One of the more important causes of conflict between the medical and legal professions is the non-payment of fees for the services of a physician as a medical witness or the amount of the fee charged by the physician. While the instances of non-payment and excessive charging are rare, they are common enough in some localities to arouse strong feelings. Therefore, it behooves both the legal and medical

professions to re-evaluate their respective practices in this critical area. Recognizing that the establishment of fee schedules of reasonable charges for physician involvement in litigation or other legal matters is inappropriate, these guidelines are necessarily broad in scope and generalized in nature. They require sincerity of application and forthrightness of interpretation by the respective professions in the pursuit of the standards herein established.

### Section 2. Compensation Must Not Be Contingent
Under no circumstances shall a physician charge or accept compensation for any service which is contingent upon the outcome of a lawsuit.

### Section 3. Compensation for Reports and Records
The physician is entitled to charge a reasonable fee for the preparation of narrative reports, as well as a reasonable charge for reproducing copies of the records.

### Section 4. Conferences and Consultations
The physician is entitled to charge fair and reasonable compensation for time expended in conference or consultation with the attorney and in preparation therefor, provided, however, that the charges should be consistent with the customary ones made by the physician in his practice.

### Section 5. Depositions and Court Appearances
The physician is entitled to charge fair and reasonable compensation for depositions and court appearances. It is the intention of both professions that a testifying physician shall not suffer a financial loss because of his appearance at deposition or court hearings. An attorney should not request a physician to testify by deposition or in court, nor should he subpoena him, without making arrangements for reasonable compensation. Unless a course of dealings has been established between the attorney and physician, the matter of compensation should be arrived at by conference in advance of the deposition or trial. If the physician appears in court and his testimony is not needed because the case has been settled then he should be compensated for the lost time.

### Section 6. Responsibility for Payment
It is the obligation of the attorney to make every reasonable effort to insure that adequate arrangements are made for the payment by the client of all compensation of attending physicians for service rendered.

The payment of an examining physician's fee for examinations, reports and subsequent depositions or court appearances is the obligation of the attorney requesting such an examination.

Annex "B" provides a suggested solution to the matter of the compensation of physicians by the simple expedient of obtaining the client's authorization to pay the physician's compensation out of the proceeds of any recovery. This procedure is encouraged.

## ARTICLE V - CONSIDERATION AND DISPOSITION OF COMPLAINTS

The public airing of any complaint or criticism by a member of one profession against the other profession or any of its members is to be deplored. Such complaints or criticisms should be referred by the complaining doctor or attorney to The Mississippi Bar, P. O. Box 2168, Jackson, Mississippi 39225-2168 (Telephone No. 601-948-2344) or to the Mississippi State Medical Association, P. O. Box 5229, Jackson, Mississippi 39202 (Telephone No. 601-354-5433).

## ARTICLE VI – CONCLUSION

Each profession is obligated to respect and honor the calling of the other. One who has chosen to be a physician or an attorney and has been found competent by appropriate authorities is vested with high responsibilities and privileges to enable him to serve the public with honor, dignity, and effectiveness.

These standards are intended as a guide to the attainment of excellence in interprofessional conduct and practice. They are not necessarily of a binding character, nor can they be detailed to cover every circumstance. However, it is hoped that every physician and attorney practicing in Mississippi will abide by the spirit as well as the letter of these standards.

Regional medical societies and bar associations within Mississippi are strongly urged to implement these standards by adapting them to local situations.

# ANNEX "A"
## Request for Report from Attending Physician, and Suggested Areas of Response.

The attorney's request for report from the attending physician may include the following:

1. The reason(s) the report and information is being requested.
2. History of the occurrence leading to the injuries or condition, as given by the patient to the physician.
3. Pertinent subjective complaints.
4. Pertinent past medical history.
5. Pertinent objective findings.
6. The diagnosis.
7. Interpretation of X-rays, electroencephalograms, electromyograms, and any and all other pertinent data use in treatment and diagnosis.
8. The treatment rendered.
9. The physician's opinion whether there is permanent residual from an injury or condition and, if so, the extent thereof.
10. The prognosis, including maximum medical recovery, if known.
11. The percentage of permanent impairment based on the AMA Guides to the Evaluation of Permanent Impairment or other generally recognized source for making such a determination.
12. The physician's opinion concerning the necessity for further medial or surgical treatment, or for re-examination.
13. The cost of treatment to date and the estimated cost of future treatment, if any is anticipated.
14. Any other pertinent and relevant information.

It is suggested that the report submitted by the attending physician contain this requested information.

## ANNEX "B"
## Suggested Form of Authorization

I, _____, do hereby authorize and direct _____, my attorneys, to pay, from the proceeds of any recovery in my case, to Dr. _____, the reasonable amount owed for professional services rendered in the treatment of injuries sustained by me, my wife or my child or children, in an accident which occurred on _____, 20\_\_. Payment shall include professional services heretofore rendered and to be rendered to the time of the settlement or other disposition of the case, including treatment for injuries, and for fees for reports, conferences, depositions, or court testimony.

I understand that this authorization does not relieve me of my personal responsibility to pay all such medical charges.

I further authorize Dr. _____ to furnish my attorneys with any reports they may request in reference to my injuries, (arising out of an accident occurring on _____, 20\_\_) and to allow them to inspect and copy any records, charts, papers or documents pertaining to my medical history and treatment in connection with such injuries.

**Policy B.9**
**Dress Code and Personal Appearance**

### 1.0  PURPOSE

To establish a guideline relating to professional appearance, attire and personal hygiene.

### 2.0  POLICY

All employees, independent contractors, volunteers, physicians and advanced practitioners, (and students completing rotations) must be groomed and appropriately dressed while on duty.

To ensure a professional and safe appearance, each manager should develop and maintain written departmental guidelines of the appropriate attire for each position/duty as well as any clothing that are required or prohibited for safety (e.g., open toe or backless shoes may be a safety hazard).

### 3.0  GENERAL GUIDELINES

The nature of our business requires a professional image that is also compliant with the medical standard of care and all applicable laws and regulations.

In general, the following guidelines should be used to assist in determining appropriate attire:

- All clothes should be clean, of proper fit and in good condition. If uniforms are required, they must be of the established color and style specified. Blue jeans, T-shirts, jogging outfits, extremely short skirts/shorts or other unprofessional clothing may not be worn.

- Excessive or unconventional hairstyles are prohibited. Hair must be secured so that it does not touch patients or interfere with job performance. Nets or caps must be worn according to departmental policy or applicable laws.

- Nails and facial hair must be clean and neatly maintained

- Minimal jewelry may be worn, so long as it is not a safety hazard. Facial jewelry, with the exception of pierced earrings that present a professional image, may not be worn.

- Visible body piercing, other than conventional earring jewelry, is prohibited unless protected by applicable laws and regulation, such as religious belief.

Visible tattoos must meet the applicable guidelines, and should not contain items such as pornography, gang symbols/signs or violate rights such as equal employment opportunity or Patient Rights.

If Administration and/or Human Resources identifies a concern about a visible tattoo, the individual will be encouraged to identify appropriate options, such as covering part or all of tattoo, clothing choices or other reasonable means to resolve the concern.

- Open toe shoes or backless shoes, if permitted to be worn in a clinical department, must be worn with hose or socks

| Page 1 of 2 |
| --- |
| Effective 06/22/2018 |
| Approval_____ |

**Policy B.9**
**Dress Code and Personal Appearance**

- Athletic style shoes may be worn, if permitted.

- Identification badges must be worn at all times during the work day and must be clearly visible.

The foregoing guidelines are not all inclusive, and each department may formulate whatever dress codes are necessary to maintain a professional and safe working environment.

| | |
|---|---|
| | Page 2 of 2 |
| | Effective 06/22/2018 |
| | Approval_____ |